## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | |
| Plaintiff, | |
| v. | Civil Action No. 1:19-cv-5727-AT |
| FLEETCOR TECHNOLOGIES, INC., *et al.*, | |
| Defendants. | |

## SUPPLEMENTAL JOINT DISCOVERY STATEMENT REGARDING PLAINTIFF FTC'S FIRST SET OF REQUESTS FOR PRODUCTION

The Court's August 3, 2020 Order instructed the Parties to meet and confer regarding search terms and to report on the outcome of that process. The Parties have conferred telephonically and exchanged proposals, but have not been able to reach an agreement regarding search terms for the FTC's RFP Nos. 12, 13, 14, 16, 17, 18, 21, and 29. *See* DE 67, Ex. A (RFPs and FleetCor's Responses).  The Parties explain their competing positions below and attach their respective search term proposals as Exhibits A and B. In addition, pursuant to the Court's Order, the FTC also has attached as Exhibit C a chart listing comparable large FTC cases, custodian counts in those cases, and relevant scheduling and discovery orders. FleetCor has attached a chart of comparable FTC cases as Exhibit D.

## FLEETCOR'S POSITION

The FTC's search term proposal continues the agency's strategy of making overbroad, unreasonable, and disproportionate discovery demands.  The FTC demands that FleetCor use over 400 search terms and 33 additional custodians to respond to just 8 remaining requests.  This is on top of the 260,000 documents, 300 gigabytes of data, and 37 custodians FleetCor has already produced.  This is not so much a fishing expedition but an effort to "drain the pond and collect the fish from the bottom," a strategy that "goes beyond the bounds set by the discovery rules." *Genesco, Inc. v. Visa U.S.A., Inc.*, 302 F.R.D. 168, 192 n.6 (M.D. Tenn. 2014).

FleetCor proposed a reasonable list of search terms that are targeted to address each of the 8 remaining document requests. ECF 67, Ex. B.  In an attempt to reach an agreement, FleetCor has now expanded its proposal substantially to accept many additional terms requested by the FTC.  But FleetCor maintains that reasonable logical connections between the terms should be used to minimize the number of false positives.  FleetCor sets out its expanded proposal in Exhibit A.[1] Each proposed search string is based on counsel's experience as to what terms are likely to return responsive documents based on their review of tens of thousands of documents and careful and comprehensive interviews with the relevant custodians.

---

[1] The parties agree it may be necessary to refine search terms based upon "hit reports" from these terms after custodians are selected.

The FTC offers three arguments in support of its overbroad search term proposals; none has merit.

**<u>First</u>**, the FTC argues its proposal is "based on" search terms used to respond to the CID.  This argument is flawed for three reasons.  First, this is true for only *three* of the eight proposals—five are not compared to CID terms.  Second, the FTC's proposal for those three requests vastly expands beyond the CID terms.  For example, FTC's proposal for Requests 12, 13, and 18 adds *dozens* of new terms beyond the CID list and substantially loosens the logical connectors.  Third, the CID is not a reasonable baseline.  These are different requests covering a different time period for a different purpose, and the parties know more about the case now than when the CID searches were agreed upon.  The FTC should refine, not expand, its requests.

**<u>Second</u>**, the FTC faults FleetCor for not providing "concrete data" showing the burden associated with its proposal.  But the FTC offers no data or precedent of any kind for its assertion that its proposal is "reasonable and proportionate."[2]  The FTC has not even identified a single relevant document that would be missed by FleetCor's proposed terms.  As to hit reports, FleetCor requested them once the FTC made its proposal, and will provide the reports as soon as they are available.

---

[2] The FTC admits that the search terms already used produced 50,000 custodial documents. That shows how broad they are.

**Third**, while the FTC claims that FleetCor's terms are too narrow, that objection is not based on FleetCor's current offer.  And it fails to take into account that FleetCor has met the FTC more than halfway, agreeing to many of the additional terms requested.  It also fails to recognize that the FTC's requests would hit many undoubtedly irrelevant documents.  For example, in RFP 14, the FTC seeks documents showing strategies to decrease fuel rebates.  But its terms would hit on documents that discuss a *proposal* to switch a printing vendor on one page and how a *reduction* in rent *saved* the company money on a different page.

The expansive terms sought by the FTC also underscore the need for a reasonable number of custodians.  The FTC can only identify 3 prior cases—out of hundreds it files each year—that are even close to comparable. That by itself speaks volumes to the proposal here.  But the FTC's examples only confirm the unreasonableness of the FTC's demand:  two out of three cases have far fewer custodians than the FTC demands here, and the FTC's list includes Amazon and AT&T, the second and ninth largest companies in the U.S with 30 and 100 times more employees than FleetCor.  And finally, the FTC ignores other more comparable cases with far fewer custodians.  *See* Ex. D.[3]

---

[3] FleetCor is disappointed at the suggestion that it did not "engage with the FTC" on terms. FleetCor discussed its proposal with the FTC twice in July and then discussed its increased proposal less than 24 hour after the Court's order.  These meet and confer discussions are precisely the engagement required by the local rules and are intended to allow the parties to narrow the scope of dispute.

## FTC'S POSITION

Four days after FleetCor first proposed search terms in the initial Joint Discovery Statement, the FTC began the meet-and-confer process by providing feedback to FleetCor and submitting its own proposal (Exhibit B). As before, rather than engage with the FTC, FleetCor elected not to share its second proposal until including it in a draft of this submission. The Court should order FleetCor to use the FTC's proposal because (1) it is proportionate to the needs of the case and based on mutually acceptable search terms; (2) FleetCor has offered no reason beyond hyperbole for rejecting it; and (3) FleetCor's latest proposal is too narrow.

*First*, the FTC's proposal is reasonable and proportionate to the specific needs of this case, which seeks to return hundreds of millions of dollars to injured consumers. The FTC's proposal is based on search terms that FleetCor itself proposed during the pre-suit investigation. The FTC agreed to those common-sense terms because they captured the way FleetCor employees likely discussed the topics at issue. Accordingly, for RFPs with analogous CID requests (Nos. 12, 13, and 18), the FTC has proposed only minor additions to FleetCor's original terms to account for targeted changes in the scope of the requests. For the remaining RFPs (Nos. 14, 16, 17, 21, and 29), the FTC has used similar syntax, operators, and proximity limiters to propose its search terms. If anything, the FTC's proposed terms are more restrictive than FleetCor's original terms, not less. For example, the

FTC's proposed search term for RFP 12 adds the necessary condition that any document also refer to "strategy" or its synonyms.

*Second*, FleetCor has offered no basis—other than "that was then, this is now"—for suddenly casting aside the agreed-upon framework for the parties' search terms. Nor has FleetCor offered any "concrete data" showing why the FTC's proposal would be too burdensome. *In re Arby's Rest. Grp. Litig.*, 2018 WL 8666473, at *3 (N.D. Ga. Aug. 16, 2018). Such data typically would come in the form of hit reports—as FleetCor admits—but FleetCor has not shared any hit reports with the FTC, despite telling the Court that the dispute was ripe two weeks ago. Instead, FleetCor makes assumptions about the potential burden based on the size of pre-suit productions.[4] But those productions show the opposite of what FleetCor breathlessly asserts. Using the CID terms to search more custodians than the FTC is now requesting resulted in the production of fewer than 50,000 documents from individual custodians (comprising less than 40 GB of data).[5]

*Third*, FleetCor's proposed terms are not proportionate to the needs of this case. Its initial proposal was so narrow that many terms returned not a single

---

[4] FleetCor has not produced a single custodial document in this litigation.

[5] FleetCor claims that it "produced 100,000 documents and 200 gigabytes of data during the investigation, based on ESI searches from **37** custodians." DE 67 at 2. These figures appear to include tens of thousands of documents from shared inboxes (*e.g.*, newapps@comdata.com) and non-custodial sources (*e.g.*, shared drives), and 160 GB of customer account data from FleetCor's back-end systems.

document when tested against FleetCor's pre-suit productions. Although the FTC appreciates FleetCor's willingness to expand certain terms, FleetCor still has not provided any "concrete data" to show that its new terms would be effective. *Id.* And FleetCor's new proposal remains too narrow: It relies on overly restrictive "within" limiters (essentially requiring every term to appear in one sentence), does not cover each of the relevant topics where appropriate (RFPs 16, 29), and backtracks on the parties' agreement to search for communications discussing complaints from *customers* (RFP 18).

The Court should order FleetCor to use the FTC's proposed terms. In the alternative, should the Court want more "concrete data" before resolving this dispute, the FTC requests that the Court require the parties to test their competing proposals. The FTC offers the following process to avoid unnecessary delay:

- **Friday, August 14:** FleetCor provides hit reports to the FTC for the parties' proposed terms using the custodians ordered by the Court.

- **Week of August 17:** The parties meet and confer on results; the FTC submits revised search terms; FleetCor provides hit reports for the parties' revised search terms. If the parties have not reached agreement, the FTC submits further revisions and FleetCor provides another hit report.

- **Week of August 25:** The parties meet and confer on final results. If the parties still have not reached agreement, the parties will submit a joint discovery statement to the Court by Friday, August 28.

- **Week of August 31:** The parties will be prepared to participate in a teleconference with the Court to resolve any outstanding search term disputes.

Dated:  August 6, 2020

Respectfully submitted,

/s/ Thomas C. Kost

Mark D. Hopson, admitted *pro hac vice*
Benjamin M. Mundel, admitted *pro hac vice*
**SIDLEY AUSTIN LLP**
1501 K Street, N.W.
Washington, DC 20005
Tel:  (202) 736-8000
Fax: (202) 736-8711
mhopson@sidley.com
bmundel@sidey.com
***Counsel for FleetCor Technologies Inc.***

Michael A. Caplan
Georgia Bar No. 601039
Jessica A. Caleb
Georgia Bar No. 141507
**CAPLAN COBB LLP**
75 Fourteenth Street, NE, Suite 2750
Atlanta, Georgia 30309
Tel: (404) 596-5600
Fax: (404) 596-5604
mcaplan@caplancobb.com
jcaleb@caplancobb.com
***Counsel for All Defendants***

THOMAS C. KOST
Tel: (202) 326-2286
E: tkost@ftc.gov
BRITTANY K. FRASSETTO
Tel: (202) 326-2774
E: bfrassetto@ftc.gov
GREGORY J. MADDEN
Tel: (202) 326-2426
E: gmadden@ftc.gov
CHRISTOPHER B. LEACH
Tel: (202) 326-2394
E: cleach@ftc.gov
THOMAS E. KANE
Tel: (202) 326-2304
E: tkane@ftc.gov

Federal Trade Commission
Division of Financial Practices
600 Pennsylvania Avenue, NW
Mail Stop CC-10232
Washington, DC 20580
Fax: (202) 326-2752

MICHAEL A. BOUTROS
Ga. Bar No. 955802
Federal Trade Commission
Southeast Region
225 Peachtree Street NE, Suite 1500
Atlanta, GA 30303
Phone: (404) 656-1351
Email: mboutros@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

# Exhibit A

## COMPARISON OF FTC AND FLEETCOR SEARCH TERMS PROPOSAL

### RFP 12

All Communications and Documents relating to any strategies, methods, plans, tests, or proposals, regardless whether implemented to increase fees, including by enrolling Consumers in optional programs, or to charge new or different fees to Consumers using Your Fuel Cards.

| FTC | FleetCor[6] |
|---|---|
| (((((fee OR fees) OR (charge OR charges OR charged OR charging) OR (price OR pricing OR priced OR prices) OR (rate OR rates)) OR (opt* w/2 program*) OR (auto* w/2 enrol*) OR (program* w/2 enrol*)) w/3 ((increase OR increasing OR increased OR increases) OR (boost OR boosts OR boosting OR boosted) OR (grow OR grows OR growing OR growth) OR (raise OR raised OR raising OR raises) OR (gain OR gained OR gains OR gaining) OR (improve OR improves OR improved OR improvement OR improvements) OR (new OR newly) OR different OR higher OR (add OR adds OR adding OR additional)))) AND (strateg* OR propos* OR initiative* OR (method OR methods) OR (plan OR plans OR planning) OR (test OR tests OR tested OR testing)) | (*FEE* w/3 *INCREASE*) w/5 *STRATEGY*<br><br>**Fee:**  fee, fees, rate, rates, (opt* w/1 program*)<br><br>    w/3<br><br>**Increase:**  increase, increasing, increased, increases, raise, raised, raising, raises, gain, gained, gains, gaining, higher<br><br>    w/5<br><br>**Strategy:**  strateg*, propos*, initiative*, method, methods, plan, plans, planning, test, tests, tested, testing |

---

[6] For ease of reading, FleetCor's proposals are expressed initially as a search logic rather than search terms.  For capitalized and italicized terms in its search logic, FleetCor provides the synonyms and alternate terms that will become part of its search query.

**RFP 13**

| All Communications and Documents relating to the manner in which You disclose fees You charge Consumers in connection with Your Fuel Cards, including any proposed or enacted changes to the manner in which You disclose such fees to Consumers. | |
|---|---|
| **FTC** | **FleetCor** |
| ((((fee OR fees) OR (charge OR charges OR charged OR charging) OR (penalty OR punitive OR L2 OR level2 OR "level 2" OR "tier 2") OR T&C OR T&Cs OR T&C's OR T-C OR T-C's OR T-Cs OR terms OR conditions) w/3 ((disclos*) OR (change OR changes OR changing OR changed) OR (inform OR informed OR informs OR informing) OR (notif*) OR (add OR addendum OR addenda) OR (modif*) OR (revis*) OR (edit OR edits OR editing OR edited) OR (cut OR cuts) OR (delet*) OR (strike OR strikes OR strikethrough) OR (adjust*) OR (tweak*) OR (reduc*) OR (re-paper*)))) | (*FEE* w/3 *CHANGE*) w/3 *DISCLOSE*<br><br>**Fee:**  fee, fees, charge, charges, charged, charging, L2, level2, "level 2", "tier 2"<br><br>w/3<br><br>**Increase:**  change, changes, changing, changed, modif*, revis*, edit, edits, editing, edited, cut, cuts, delet*, strike, strikes, strikethrough, adjust*<br><br>w/3<br><br>**Disclose:**  disclos*, notif* |

**RFP 14**

| All Communications and Documents relating to any strategies, methods, plans, tests, or proposals, regardless whether implemented, to decrease or eliminate rebates and discounts available to Consumers using Your Fuel Cards. ||
|---|---|
| **FTC** | **FleetCor** |
| (((rebate OR rebates) OR (discount OR discounts OR discounting) OR (save OR saves OR saved OR saving OR savings)) w/3 (reduc* OR decreas* OR eliminat* OR lower* OR cancel* OR breakage OR (cut OR cuts OR cutting) OR (end OR ends OR ended OR ending) OR (stop OR stops OR stopped OR stopping OR stoppage))) AND (strateg* OR propos* OR (method OR methods) OR (plan OR plans OR planning) OR (test OR tests OR tested OR testing)) | (*REBATE* w/3 *REDUCE*) w/3 *STRATEGY*<br><br>**Rebate:**  rebate, rebates, discount, discounts, discounting<br><br>  w/3<br><br>**Reduce:**  reduc*, decreas*, eliminat*, lower*, cancel*, stop, stops, stopped, stopping, stoppage<br><br>  w/3<br><br>**Strategy:**  strategy*, propos*, method, methods, plan, plans, planning, test, tests, tested, testing |

**RFP 16**

| All Communications and Documents relating to Consumer surveys regarding Your Fuel Cards, including surveys conducted by third parties, and any summaries or analyses of such surveys.  [FTC agreed to limit this to surveys regarding the issues in this case including fees and rebates.  FleetCor has produced the surveys separately.] | |
| --- | --- |
| **FTC** | **FleetCor** |
| ((survey* OR study OR studies OR findings OR results) w/10 ((fee OR fees) OR (charge OR charges OR charged OR charging) OR (price OR pricing OR priced OR prices) OR (rebate OR rebates) OR (discount OR discounts OR discounting) OR (save OR saves OR saved OR saving OR savings) OR (cost OR costs) OR fraud* OR control* OR payment* OR attrition)) | *SURVEY* w/5 (*FEE* OR *REBATE*)<br><br>**Survey:**  survey*, "consumer study"<br><br>    w/3<br><br>**Fee or Rebate:**  fee, fees, rebate*, discount*, fraud*<br><br>[Because FleetCor has produced the surveys separately, it has offered to search for communication about particular surveys that are identified by the FTC] |

**RFP 17**

| All Documents relating to any analysis, review, research, or study regarding the costs or other barriers that affect whether Consumers switch fuel card providers or the method of payment for fuel. | |
|---|---|
| **FTC** | **FleetCor** |
| (cost OR costs OR expens* OR barrier* OR difficult* OR imped* OR hurdle* OR obstacle* OR burden* OR challeng* OR resource* OR pain*) w/5 (switch* OR swap* OR leave* OR leaving OR move* OR moving OR change* OR changing OR (competing OR competit*)) | *CUSTOMER* w/3 *COSTS* w/3 *SWITCH* w/5 *PRODUCT*<br><br>**Customer:**  customer*, client*, consumer*, account-holder*, card-holder*<br><br>   w/3<br><br>**Costs:**  cost, costs, expens*, barrier*, difficult*, imped*, hurdle*, obstacle*, burden*, challeng*<br><br>   w/3<br><br>**Switch:**  switch*, leave*,<br><br>   w/5<br><br>**Product:**  "fuel card," FleetCor, Fuelman, competitor |

**RFP 18**

All Documents relating to complaints from Consumers, Your business partners, or other third parties, including the complaints themselves, about costs, fees, savings, fraud controls, fraudulent or unauthorized charges, payments, or billing associated with Your Fuel Cards, and Your responses thereto.

[Consumer complaints are being produced directly through recorded customer service calls, only third party complaints will be obtained through this search]

| FTC | FleetCor |
|---|---|
| ((((fee OR fees) OR (charge OR charges OR charged OR charging) OR (price OR pricing OR priced OR prices)) w/3 ((wrong*) OR (high OR highly) OR (incorrect OR incorrectly) OR (errors OR error OR errant) OR (improper*) OR (inappropriat*) OR (mistak*) OR (fraud*) OR (confus*) OR (unauthor*) OR (hid OR hide OR hides OR hiding OR hidden))) OR (((statement OR statements OR invoic* OR bill OR billed OR bills OR billing OR account*) w/3 ((fraud*) OR (wrong*) OR (incorrect OR incorrectly) OR (mistak*) OR (errors OR error OR errant) OR (improper*) OR (inappropriat*) OR (steal* OR stole OR stolen) OR (theft) OR (unauthor*)))) OR (((rebate OR rebates) OR (discount OR discounts OR discounting) OR (save OR saves OR saved OR saving OR savings) OR (cost OR costs) OR fraud* control*) w/3 (complain* OR frustrat* OR mad OR angr* OR anger* OR outrage* OR furious* OR livid OR disgrunt* OR dissatisf* OR unhappy OR irate OR pissed OR rip-off* OR trick* OR lie OR lying OR liar* OR misrep* OR unfair* OR decept* OR deceiv* OR udap OR udaap OR false OR untrue OR misled OR mislead*))) | *COMPLAINT WORD* w/3 *COMPLAINT SUBJECT* w/3 PRODUCT w/5 *PARTY*<br><br>**Complaint Word:**  complain*, wrong*, incorrect*, error*, improper*, inappropriat*, mistake*, fraud*, confus*, unauthoriz*, steal*, stole*, theft, frustrat*, mad, anger*, angry, outrage*, furious*, livid, disgrunt*, dissatisfy*, unhappy, irate, pissed, rip-off, trick*, lie, lying, liar, misrep*, unfair, decept*, deceiv*, false, untrue, misled, mislead<br><br>w/3<br><br>**Complaint Subject:**  fee, fees, price, pricing, priced, prices, statement*, invoice*, bill, billed, bills, billing, account*, rebate*, discount*, save, saved, saving*, cost, costs, "fraud control"<br><br>w/3<br><br>**Product:**  "fuel card," FleetCor, Fuelman<br><br>w/5<br><br>**Party:**  partner, "third party" [other third parties identified by FTC] |

**RFP 21**

| FTC | FleetCor |
|---|---|
| All non-duplicative manuals, training materials, scripts, videos, written instructions, job aids, or other informal guidance materials relating to communicating with Consumers about Your Fuel Cards, including any such materials used by Your sales and marketing employees or Your customer service representatives. | |
| ((manual* OR train* OR script* OR instruct* OR guidance OR policy OR policies OR procedure* OR protocol* OR hand-out* OR crib-sheet* OR cheat-sheet* OR job-aid* OR alert* OR (desk w/3 (guid* OR refer*))) w/10 ((fee OR fees) OR (charge OR charges OR charged OR charging) OR (price OR pricing OR priced OR prices) OR (rebate OR rebates) OR (discount OR discounts OR discounting) OR (save OR saves OR saved OR saving OR savings) OR (cost OR costs) OR fraud* OR control* OR payment* OR fuel-only) AND (customer* OR client* OR consumer* OR account-holder* OR card-holder*)) | (*MANUAL* w/3 *FEE*) w/3 *CUSTOMER*<br><br>**Manual:**  manual*, train*, script*, instruct*, procedure*, protocol*, hand-out*, crib-sheet*, cheat-sheet*, job-aid*,<br><br>    w/3<br><br>**Fee:**  fee, fees, price, pricing, priced, prices, rebate, rebates, discount, discounts, discounting, fraud*, fuel-only<br><br>    w/3<br><br>**Customer:**  customer*, client*, consumer*, account-holder*, card-holder* |

**<u>RFP 29</u>**

| All Documents relating to any internal or third-party investigations, audits, or reviews regarding Your Fuel Cards, including compliance reports or memoranda in final or draft form. | |
|---|---|
| **FTC** | **FleetCor** |
| ((audit* OR investigat* OR ((comply* OR complied OR complies OR compliance OR regulat* OR risk OR violat*) w/3 (review* OR report* OR evaluat* OR apprais* OR assess*))) w/10 (("fuel card*" OR "fleet card*") OR (fee OR fees) OR (charge OR charges OR charged OR charging) OR (price OR pricing OR priced OR prices) OR (rebate OR rebates) OR (discount OR discounts OR discounting) OR (save OR saves OR saved OR saving OR savings) OR (cost OR costs) OR fraud* OR control* OR payment*)) | *AUDIT* w/3 *AUDIT SUBJECT*<br><br>**<u>Audit</u>:**  audit, investigation, ((compli* OR risk OR violat*) w/2 (review* OR report* OR evaluat* OR assess*))<br><br>w/3<br><br>**<u>Audit Subject</u>:**  fee, fees, price, pricing, priced, prices, rebate, rebates, discount, discounts, discounting, fraud* |

**Exhibit B**

| RFP | FTC Proposal | Comparison to CID Search Term[7] |
|---|---|---|
| 12 | (((fee OR fees) OR (charge OR charges OR charged OR charging) OR (price OR pricing OR priced OR prices) OR (rate OR rates) OR (opt* w/2 program*) OR (auto* w/2 enrol*) OR (program* w/2 enrol*)) **w/3** ((increase OR increasing OR increased OR increases) OR (boost OR boosts OR boosting OR boosted) OR (grow OR grows OR growing OR growth) OR (raise OR raised OR raising OR raises) OR (gain OR gained OR gains OR gaining) OR (improve OR improves OR improved OR improvement OR improvements) OR (new OR newly) OR different OR higher OR (add OR adds OR adding OR additional))) **AND** (strateg* OR propos* OR initiative* OR (method OR methods) OR (plan OR plans OR planning) OR (test OR tests OR tested OR testing))<br><br>**Formula**<br>(("FEE" synonyms) **w/3** ("ADD" and "INCREASE" synonyms)) **AND** ("STRATEGY" synonyms) | (((fee OR fees) OR (charge OR charges OR charged OR charging) OR (price OR pricing OR priced OR prices) OR (rate OR rates) OR (opt* w/2 program*) OR (auto* w/2 enrol*) OR (program* w/2 enrol*)) w/3 ((increase OR increasing OR increased OR increases) OR (boost OR boosts OR boosting OR boosted) OR (grow OR grows OR growing OR growth) OR (raise OR raised OR raising OR raises) OR (gain OR gained OR gains OR gaining) OR (improve OR improves OR improved OR improvement OR improvements) OR (new OR newly) OR different OR higher OR (add OR adds OR adding OR additional))) AND (strateg* OR propos* OR initiative* OR (method OR methods) OR (plan OR plans OR planning) OR (test OR tests OR tested OR testing)) OR (((fee OR fees) OR (charge OR charges OR charged OR charging) OR (price OR pricing OR priced OR prices)) w/3 ((algorithm OR algorithmic OR algorithms OR algorithmically) OR (calculate OR calculated OR calculates OR calculating) OR (formulaic OR formula OR formulas))))) |

---

[7] Additions to the CID search terms are highlighted in green.  Deletions are shown in red text with strikethrough.

| RFP | FTC Proposal | Comparison to CID Search Term[7] |
|---|---|---|
| 13 | ((fee OR fees) OR (charge OR charges OR charged OR charging) OR (penalty OR punitive OR L2 OR level2 OR "level 2" OR "tier 2") OR T-C OR T-C's OR T-Cs OR terms OR conditions) **w/3** ((disclos*) OR (change OR changes OR changing OR changed) OR (inform OR informed OR informs OR informing) OR (notif*) OR (add OR addendum OR addenda) OR (modif*) OR (revis*) OR (edit OR edits OR editing OR edited) OR (cut OR cuts) OR (delet*) OR (strike OR strikes OR strikethrough) OR (adjust*) OR (tweak*) OR (reduc*) OR (re-paper*)) <br><br>**Formula** <br>("FEE" and "TERMS" synonyms) **w/3** ("CHANGE" synonyms) | ((fee OR fees) OR (charge OR charges OR charged OR charging) OR (penalty OR punitive OR L2 OR level2 OR "level 2" OR "tier 2") OR (rebate OR rebates) OR T&C OR T&Cs OR T&C's OR T-C OR T-C's OR T-Cs OR terms OR conditions) w/3 ((disclos*) OR (change OR changes OR changing OR changed) OR (inform OR informed OR informs OR informing) OR (notif*) OR (add OR addendum OR addenda) OR (modif*) OR (revis*) OR (edit OR edits OR editing OR edited) OR (cut OR cuts) OR (delet*) OR (strike OR strikes OR strikethrough) OR (adjust*) OR (tweak*) OR (reduc*) OR (re-paper*)) |
| 14 | (((rebate OR rebates) OR (discount OR discounts OR discounting) OR (save OR saves OR saved OR saving OR savings)) **w/3** (reduc* OR decreas* OR eliminat* OR lower* OR cancel* OR breakage OR (cut OR cuts OR cutting) OR (end OR ends OR ended OR ending) OR (stop OR stops OR stopped OR stopping OR stoppage))) **AND** (strateg* OR propos* OR (method OR methods) OR (plan OR plans OR planning) OR (test OR tests OR tested OR testing)) <br><br>**Formula** <br>(("SAVINGS" synonyms) **w/3** ("DECREASE" and "ELIMINATE" synonyms)) **AND** ("STRATEGY" synonyms) | N/A |

| RFP | FTC Proposal | Comparison to CID Search Term[7] |
|---|---|---|
| 16 | (survey* OR study OR studies OR findings OR results) **w/10** ((fee OR fees) OR (charge OR charges OR charged OR charging) OR (price OR pricing OR priced OR prices) OR (rebate OR rebates) OR (discount OR discounts OR discounting) OR (save OR saves OR saved OR saving OR savings) OR (cost OR costs) OR fraud* OR control* OR payment* OR attrition)<br><br>**Formula**<br>("SURVEY" synonyms) **w/10** ("RELEVANT ISSUE" synonyms) | N/A |
| 17 | (cost OR costs OR expens* OR barrier* OR difficult* OR imped* OR hurdle* OR obstacle* OR burden* OR challeng* OR resource* OR pain*) **w/5** (switch* OR swap* OR leave* OR leaving OR move* OR moving OR change* OR changing OR (competing OR competit*)) <br><br>**Formula**<br>("COST" and "BARRIER" synonyms) **w/5** ("SWITCH" synonyms) | N/A |

| RFP | FTC Proposal | Comparison to CID Search Term[7] |
|-----|-------------|----------------------------------|
| 18 | (((fee OR fees) OR (charge OR charges OR charged OR charging) OR (price OR pricing OR priced OR prices)) **w/3** ((wrong*) OR (high OR highly) OR (incorrect OR incorrectly) OR (errors OR error OR errant) OR (improper*) OR (inappropriat*) OR (mistak*) OR (fraud*) OR (confus*) OR (unauthor*) OR (hid OR hide OR hides OR hiding OR hidden))) **OR** ((statement OR statements OR invoic* OR bill OR billed OR bills OR billing OR account*) **w/3** ((fraud*) OR (wrong*) OR (incorrect OR incorrectly) OR (mistak*) OR (errors OR error OR errant) OR (improper*) OR (inappropriat*) OR (steal* OR stole OR stolen) OR (theft) OR (unauthor*))) **OR** (((rebate OR rebates) OR (discount OR discounts OR discounting) OR (save OR saves OR saved OR saving OR savings) OR (cost OR costs) OR fraud* OR control*) **w/3** (complain* OR frustrat* OR mad OR angr* OR anger* OR outrage* OR furious* OR livid OR disgrunt* OR dissatisf* OR unhappy OR irate OR pissed OR rip-off* OR trick* OR lie OR lying OR liar* OR misrep* OR unfair* OR decept* OR deceiv* OR udap OR udaap OR false OR misled OR mislead*))<br><br>**Formula**<br>(("FEE" synonyms) **w/3** ("IMPROPER" synonyms)) **OR** (("BILLING" synonyms) **w/3** ("IMPROPER" synonyms)) **OR** (("RELEVANT ISSUE" synonyms) **w/3** ("DISSATISFACTION" synonyms)) | (((fee OR fees) OR (charge OR charges OR charged OR charging) OR (price OR pricing OR priced OR prices)) w/3 ((wrong*) OR (high OR highly) OR (incorrect OR incorrectly) OR (errors OR error OR errant) OR (improper*) OR (inappropriat*) OR (mistak*) OR (fraud*) OR (confus*) OR (unauthor*) OR (hid OR hide OR hides OR hiding OR hidden))) OR (((statement OR statements OR invoic* OR bill OR billed OR bills OR billing OR account*) w/3 ((fraud*) OR (wrong*) OR (incorrect OR incorrectly) OR (mistak*) OR (errors OR error OR errant) OR (improper*) OR (inappropriat*) OR (steal* OR stole OR stolen) OR (theft) OR (unauthor*)))) OR (((rebate OR rebates) OR (discount OR discounts OR discounting) OR (save OR saves OR saved OR saving OR savings) OR (cost OR costs) OR fraud* OR control*) w/3 (complain* OR frustrat* OR mad OR angr* OR anger* OR outrage* OR furious* OR livid OR disgrunt* OR dissatisf* OR unhappy OR irate OR pissed OR rip-off* OR trick* OR lie OR lying OR liar* OR misrep* OR unfair* OR decept* OR deceiv* OR udap OR udaap OR false OR untrue OR misled OR mislead*)) |

| RFP | FTC Proposal | Comparison to CID Search Term[7] |
|---|---|---|
| 21 | ((manual* OR train* OR script* OR instruct* OR guidance OR policy OR policies OR procedure* OR protocol* OR hand-out* OR crib-sheet* OR cheat-sheet* OR job-aid* OR alert* OR (desk w/3 (guid* OR refer*))) **w/10** ((fee OR fees) OR (charge OR charges OR charged OR charging) OR (price OR pricing OR priced OR prices) OR (rebate OR rebates) OR (discount OR discounts OR discounting) OR (save OR saves OR saved OR saving OR savings) OR (cost OR costs) OR fraud* OR control* OR payment* OR fuel-only)) **AND** (customer* OR client* OR consumer* OR account-holder* OR card-holder*)<br><br>**Formula**<br>(("MANUAL" synonyms) **w/10** ("RELEVANT ISSUE" synonyms)) **AND** ("CUSTOMER" synonyms) | N/A |
| 29 | (audit* OR investigat* OR ((comply* OR complied OR complies OR compliance OR regulat* OR risk OR violat*) w/3 (review* OR report* OR evaluat* OR apprais* OR assess*))) **w/10** (("fuel card*" OR "fleet card*") OR (fee OR fees) OR (charge OR charges OR charged OR charging) OR (price OR pricing OR priced OR prices) OR (rebate OR rebates) OR (discount OR discounts OR discounting) OR (save OR saves OR saved OR saving OR savings) OR (cost OR costs) OR fraud* OR control* OR payment*)<br><br>**Formula**<br>("AUDIT" and "INVESTIGATION" synonyms) **w/10** ("RELEVANT ISSUE" synonyms) | N/A |

**Exhibit C[8]**

The Court directed the FTC "to bring to the Court's attention a sample of scheduling or discovery orders in comparable large FTC cases . . . ." The FTC has identified only two comparable cases with court orders addressing custodians. The FTC also has identified one other comparable case in which party correspondence shows the number of custodians defendants used for ESI searches.

| Case Name | Custodians | Supporting Document(s) |
|---|---|---|
| *FTC v. LendingClub*, No. 3:18-cv-2454-JSC (N.D. Cal.) | 15 general custodians plus additional custodians related to three key topics | Stipulated Order Governing Production of Electronically Stored Information, § 4 (Mar. 27, 2019) (Attachment 1) |
| *FTC v. AT&T Mobility*, No. 14-cv-4785-EMC (N.D. Cal.) | 34 | Joint Statement & Order Regarding Phased Discovery, pp. 1-2 (Oct. 13, 2015) (reflecting 12 "Phase I" custodians) (Attachment 2)<br><br>Further Joint Statement and [Proposed] Order Regarding Phased Discovery, p. 1 (Feb. 11, 2016) (reflecting 22 additional "Phase II" custodians) (Attachment 3) |
| *FTC v. Amazon*, No. 14-cv-1038-JCC (W.D. Wash.) | 26 | Letter from Danielle Foley to Duane Pozza, pp. 2, 3-4, 5-6 (Nov. 25, 2014) (Attachment 4) |

---

[8] The Court directed the Plaintiff to file a sampling of scheduling or discovery orders from comparable large FTC cases, not FleetCor. The FTC has done so by attaching Court orders and correspondence between the parties. Notwithstanding the Court's specific direction to the FTC, FleetCor has insisted on inclusion of their own unsolicited table of cases. Although the FTC objects to FleetCor's exhibit, to ensure compliance with the Court's deadline it is included with this filing.

# Exhibit D

FleetCor submits this Exhibit to provide examples of similar FTC enforcement actions where fewer custodians were used.

## Comparable FTC Enforcement Actions

| | | |
|---|---|---|
| *United States v. Bayer*, No. 07-01 (D.N.J.) | FTC enforcement action seeking hundreds of millions of dollars in damages | 5 custodians |
| *FTC v. DirecTV*, No. 15-cv-1129 (N.D. Cal.) | FTC enforcement action seeking billions of dollars in damages | 13 custodians[9] |

---

[9] There is no order that memorializes the number of custodians in the Bayer or DIRECTV case, but counsel for FleetCor was also counsel in those cases and this is their recollection of the number of custodians. (We understand that the FTC believes there were approximately 20 custodians in the DIRECTV case, but even if that were correct, it is still far fewer than the number the FTC seeks here.)

# ATTACHMENT 1

M. SEAN ROYALL (*pro hac vice*)
sroyall@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

BRIAN M. LUTZ (SBN # 255976)
AVERY E. MASTERS (SBN #306703)
blutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA  94105
Telephone: 415.393.8379
Facsimile: 415.374.8474

RICHARD H. CUNNINGHAM (*pro hac vice*)
rhcunningham@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1801 California Street
Denver, CO 80202
Telephone: 303.298.5752
Facsimile: 303.298.5907

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>LENDINGCLUB CORPORATION,<br><br>d/b/a Lending Club,<br><br>    Defendant. | CASE NO. 3:18-cv-02454-JSC<br><br>**[PROPOSED] STIPULATED ORDER GOVERNING PRODUCTION OF ELECTRONICALLY STORED INFORMATION**<br><br>Action Filed: April 25, 2018 |

## 1.  PURPOSE

This Order will govern discovery of electronically stored information ("ESI") in this

case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the

Discovery of Electronically Stored Information, and any other applicable orders and rules.

## 2. COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

## 3. LIAISON

The parties will identify liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

## 4. PRESERVATION

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate.

To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a) Only ESI created or received after January 1, 2013 will be preserved, with the exception that documents relevant to LendingClub's determination to use the "No Hidden Fees" representation and the origination fee disclosure structure that is challenged in the First Amended Complaint (Dkt. No. 57) shall be preserved if created or received after January 1, 2011;

b) The parties have exchanged a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist," and "marketing manager." The parties shall add or remove custodians as reasonably necessary;

c) The parties have agreed that ESI will be preserved and produced for 15 custodians per party, with the exceptions that:

    i.    documents relevant to LendingClub's determination to use the "No Hidden Fees" representation and the origination fee disclosure structure described above in Section 4(a) shall be preserved and may be produced (pending further negotiations between the parties) irrespective of the 15-custodian limitation;

    ii.    LendingClub's Compliance personnel's correspondence with WebBank that is related to the conduct challenged in the First Amended Complaint (Dkt. No. 57) and identifiable based on a reasonable search shall be preserved and produced irrespective of the 15-custodian limitation

    iii.    consumer inquiries regarding the conduct challenged in the First Amended Complaint shall be preserved and may be produced (pending further negotiations between the parties) irrespective of the 15-custodian limitation;

d)   These data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B), and ESI from these sources will not be preserved, searched, reviewed, or produced:

    i.    Text messages and instant messages that are not retained in the ordinary course of business, except messages stored on LendingClub custodians' LendingClub-provided mobile phones;

    ii.    voicemail messages, except where they are contained within the party's email systems;

    iii.    e-mail or other electronic messages sent to or from a mobile device (e.g., Blackberry or iPhone), provided that a copy of such e-mail or message is routinely saved and preserved elsewhere;

    iv.    other electronic data stored on a mobile device, such as calendar or contact data or notes, provided that a copy of such information is routinely saved and preserved elsewhere;

    v.    temporary or cache files, including Internet history, web browser cache, and cookie files, wherever located;

    vi.    server, system, or network logs;

    vii.    random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the normal functionality of the operating system and/or applications present on a device;

    viii.    data that are duplicative of data that are more accessible elsewhere, e.g., back-up data; and

    ix.    documents sent solely between counsel for LendingClub (including paralegals and/or administrative personnel for such counsel) or solely between counsel for the FTC (or persons employed by the FTC).

The parties agree that they may subsequently identify additional types of ESI that need not be preserved, logged, or produced.

e)   Recognizing that the obligation to preserve materials is not necessarily identical to and coextensive with the obligation to produce materials in discovery, the parties agree that any agreement or commitment to preserve materials by any party does not constitute that party's admission that such materials are properly discoverable or will be produced in discovery.

**5. SEARCH**

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

**6. PRODUCTION FORMATS**

The parties agree to produce documents in PDF, TIFF, and/or native file formats. Where TIFF or PDF files are produced, the parties agree to produce metadata with extracted text. For materials available only in "hard" format—e.g., on paper—the parties agree to produce in a PDF format or as single-page TIFF files with metadata and extracted, searchable text. All documents produced in TIFF format should also be included in an OPT file. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

The parties agree to permit de-duplication of identical files and to use email threading functionality as part of production.

LendingClub need not re-produce to the FTC in discovery documents that LendingClub previously produced in the context of responding to the Federal Trade Commission's ("FTC") Civil Investigative Demands ("CIDs") in connection with the FTC's investigation leading to this action, except where necessary for legibility.

**7. PHASING**

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree, if appropriate to discuss phasing the production of ESI.

**8. DOCUMENTS PROTECTED FROM DISCOVERY**

a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

b) The parties shall take reasonable steps to prevent the disclosure of privileged or

work product material (together, "protected" material).  In the event of such disclosure, the parties shall follow the procedures set forth in Fed. R. Civ. P. 26(b)(5)(B) and herein for materials produced in discovery in this action by both parties and nonparties.

c) If a receiving party discovers material produced to it by a party or nonparty in this action that the receiving party reasonably believes to be protected material, the receiving party shall promptly notify the producing party in writing.

d) If the parties disagree about the applicability of any asserted privilege or other protection for material that the producing party contends is protected material and should not have been disclosed, the parties shall promptly meet and confer to resolve the issue.  If the parties cannot resolve the issue, the party that received the material shall have the obligation to raise that dispute to the court and shall exercise reasonable diligence in doing so.

e) Communications solely between counsel for LendingClub (including paralegals and administrative personnel for such counsel) or solely between FTC attorneys (including FTC paralegals, investigators, and administrative personnel) need not be preserved, produced, or placed on a privilege log. Communications consisting of protected material that were sent or received after the date of filing of this litigation need not be preserved, produced, or placed on a privilege log. Communications between counsel for LendingClub and LendingClub employees related to the FTC's investigation of LendingClub ("Investigation") and/or this litigation may be identified on a privilege log by category, rather than individually logged.  The categorical logging of such communications shall be sufficiently detailed to convey the identities of the parties exchanging such communications, e.g., "Emails related to the Investigation exchanged between LendingClub counsel and [Name of Employee]."

## 9. MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: March 25, 2019          /s/ *Katharine Roller*

Counsel for Plaintiff Federal Trade Commission

Dated: March 25, 2019          /s/ *M. Sean Royall*

Counsel for Defendant LendingClub

**IT IS ORDERED** that the foregoing Agreement is approved.

Dated: March 27, 2019



_____
UNITED STATES MAGISTRATE JUDGE

GRANTED

Judge Jacqueline Scott Corley

# ATTACHMENT 2

EVAN ROSE, Cal. Bar No. 253478
MATTHEW D. GOLD, N.Y. Bar No. 2073963
LAURA FREMONT, Cal. Bar No. 159670
ERIC EDMONDSON, D.C. Bar No. 450294
KERRY O'BRIEN, Cal. Bar No. 149264
DAVID M. NEWMAN, Cal. Bar No. 54218
LINDA K. BADGER, Cal. Bar No. 122209
LIN W. KAHN, Cal. Bar No. 261387

Address:   Federal Trade Commission
           901 Market Street, Suite 570
           San Francisco, CA 94103

Email:     erose@ftc.gov
           mgold@ftc.gov
           lfremont@ftc.gov
           eedmondson@ftc.gov
           kobrien@ftc.gov
           dnewman@ftc.gov
           lbadger@ftc.gov
           lkahn@ftc.gov

Telephone: (415) 848-5100
Facsimile:  (415) 848-5184

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

KELLOGG, HUBER, HANSEN, TODD,
EVANS & FIGEL, P.L.L.C.
Michael K. Kellogg (*pro hac vice*)
Mark C. Hansen (*pro hac vice*)
Email: mkellogg@khhte.com
         mhansen@khhte.com

1615 M Street, N.W., Suite 400
Washington, DC 20036
Telephone:   (202) 326-7900
Facsimile:   (202) 326-7999

SIDLEY AUSTIN LLP
David L. Anderson, Cal. Bar No. 149604
Email: dlanderson@sidley.com

555 California Street, Suite 2000
San Francisco, CA 94104
Telephone:   (415) 772-1200
Facsimile:   (415) 772-7400

Attorneys for Defendant
AT&T MOBILITY LLC

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
San Francisco Division

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>        v.<br><br>AT&T MOBILITY LLC, a limited liability company,<br><br>    Defendant. | Case No. 14-cv-04785-EMC<br><br>**JOINT STATEMENT AND [~~PROPOSED~~] ORDER REGARDING PHASED DISCOVERY** |

1    The parties to the above-entitled action hereby submit this Joint Statement and

2    [Proposed] Order Regarding Phased Discovery pursuant to the Court's Order Denying

3    Defendant's Motion to Stay (Dkt. #89).

4    **I.    BACKGROUND**

5    On August 18, 2015, Defendant AT&T Mobility LLC ("AT&T") filed a motion to stay

6    proceedings pending resolution of an interlocutory appeal ("Motion to Stay") (Dkt. #79).  After

7    briefing by AT&T and Plaintiff Federal Trade Commission ("FTC"), the Court heard oral

8    argument on September 24, 2015.  During the hearing, and by written order on September 25,

9    2015 (Dkt. #89), the Court denied AT&T's Motion to Stay but ordered that "the parties shall

10   phase discovery, at least through the date of the next CMC," set for January 21, 2016.  The Court

11   ordered that discovery shall proceed on the "go get" discovery requests discussed at the hearing,

12   but not on the "monthly data" requests.  The Court also ordered the parties to meet and confer as

13   to how best to phase discovery of relevant custodians' emails and other documents, including,

14   for example, identifying the particular custodians whose documents shall be produced during this

15   phase of discovery.

16   **II.   AGREEMENT ON PHASED DISCOVERY**

17   Having met and conferred, the parties have reached the following agreement:

18   A.    AT&T shall produce, to the extent such documents exist and are reasonably

19   accessible, documents responsive to the following requests in the FTC's First Set of Requests for

20   Production of Documents and Other Tangible Things, as memorialized and limited in

21   correspondence between the parties or in AT&T's document responses and objections, otherwise

22   known as the "go get" requests: 1-7, 11-12, 13(a), 13(p), 13(s), 13(t), 17-18, 20-23, 25-26, and

23   29-32.  The FTC reserves the right to request, after January 21, 2016, that request 13(u) be

24   treated as a "go get" request, and AT&T reserves the right to challenge such a request.

25   B.    AT&T shall produce responsive non privileged or non attorney work product

26   emails or other documents from the following custodians subject to the search terms and date

27   ranges agreed to by the parties as of the date of this filing, as memorialized and limited in

28   correspondence between the parties:

**Joint Statement and [Proposed] Order re Phased Discovery – 14-cv-04785-EMC      Page 1**

1)  Mark Collins

2)  Matthew Haymons

3)  Kristin Rinne

4)  David Christopher

5)  Andrew Wilson

6)  Maurice James

7)  Rick Fish

8)  Jill Root

9)  Kristin Nelson

10) Dave Saska

11) Bill Hogg

12) Mitch Farber

Upon review, to the extent any of the agreed upon search terms for the custodians above generate a disproportionately large volume of non-responsive documents, the parties agree to work cooperatively in good faith to revise or otherwise modify those search terms during this period.

C.      The FTC shall produce responsive non privileged or non attorney work product documents responsive to the following requests in AT&T's First Set of Requests for Production of Documents, as memorialized and limited in correspondence between the parties or in the FTC's document responses and objections, otherwise known as the "go-get" requests:  1, 3-27, 29-30, 32-36.  Specifically, the FTC shall produce consumer complaints regarding AT&T's throttling program received through the Consumer Sentinel Network, the Better Business Bureau, the Federal Communications Commission, and directly from consumers.  The FTC shall produce any additional communications with AT&T consumers whom the FTC sought to or did interview, as well as an updated Rule 26(a) disclosure identifying by name and other contact information the 10-15 potential customer witnesses no later than January 14, 2016.  The FTC will also produce consumer complaints concerning other companies' throttling programs received through the Consumer Sentinel Network, subject to the search terms identified in

correspondence between the parties and with consumer names and contact information redacted. AT&T reserves the right to seek, after January 21, 2016, the consumer names and contact information of consumers who complained about other companies' throttling programs, and the FTC reserves the right to challenge such a request. The FTC will further produce documents from third parties responsive to AT&T's document requests as set forth in the FTC's Responses to AT&T Mobility LLC's First Set of Requests for Production of Documents. Finally, the FTC shall produce publicly available information from the FTC's website regarding the FTC's action against TracFone Wireless, Inc.

D.      The parties shall produce the documents described in paragraphs A, B, and C on a rolling basis, and production shall begin promptly or as soon as practicable upon entry of a Protective Order. The parties shall endeavor in good faith to complete the production of all documents described in paragraphs A, B, and C by January 14, 2016. With respect to the documents described in paragraphs A and B, AT&T shall produce documents dated prior to June 12, 2015. The FTC reserves the right to seek, after January 21, 2016, documents dated after June 12, 2015, and AT&T reserves the right to challenge such a request. The production of documents described in paragraph B shall begin with production of documents from Mark Collins, Matthew Haymons, and Kristin Rinne.

E.      Neither party waives any right to seek further discovery after January 21, 2016, with respect to the productions agreed to in paragraphs A, B, and C, or with regard to any Interrogatory Responses provided to date, or any document responses or objections provided to date.

F.      Finally, the parties have agreed not to conduct depositions during this phase of discovery.

Dated: October 8, 2015

Respectfully submitted,

_____/s/ Evan Rose_____
EVAN ROSE
MATTHEW D. GOLD
LAURA FREMONT
ERIC EDMONDSON
KERRY O'BRIEN
DAVID M. NEWMAN
LINDA K. BADGER
LIN W. KAHN

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

KELLOGG, HUBER, HANSEN, TODD, EVANS
& FIGEL, P.L.L.C.
1615 M Street N.W., Suite 400
Washington, DC 20036

_____/s/ Michael K. Kellog_____
Michael K. Kellogg
Mark C. Hansen

Attorneys for Defendant
AT&T MOBILITY LLC

SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104

_____/s/ David L. Anderson_____
David L. Anderson

Attorneys for Defendant
AT&T MOBILITY LLC

(The filer attests that concurrence in the filing of this document has been obtained from the other signatories.)

**Joint Statement and [Proposed] Order re Phased Discovery – 14-cv-04785-EMC    Page 4**

IT IS SO ORDERED.

Date: 10/13/15

_____
HONORABLE EDWARD M. CHEN
UNITED STATES DISTRICT JUDGE

# ATTACHMENT 3

1   EVAN ROSE, Cal. Bar No. 253478
2   MATTHEW D. GOLD, N.Y. Bar No. 2073963
    LAURA FREMONT, Cal. Bar No. 159670
3   KERRY O'BRIEN, Cal. Bar No. 149264
    DAVID M. NEWMAN, Cal. Bar No. 54218
4   LINDA K. BADGER, Cal. Bar No. 122209
    LIN W. KAHN, Cal. Bar No. 261387
5   Federal Trade Commission
6   901 Market Street, Suite 570
    San Francisco, CA 94103
7   Email: erose@ftc.gov; mgold@ftc.gov;
    lfremont@ftc.gov; kobrien@ftc.gov;
8   dnewman@ftc.gov; lbadger@ftc.gov;
9   lkahn@ftc.gov
    Telephone: (415) 848-5100
10  Facsimile: (415) 848-5184

11  MARICELA SEGURA, Cal. Bar No. 225999
12  Federal Trade Commission
    10877 Wilshire Blvd., Suite 700
13  Los Angeles, CA 90024
    Email: msegura@ftc.gov
14  Telephone: (310) 824-4343
    Facsimile: (310) 824-4380
15

16  Attorneys for Plaintiff
    FEDERAL TRADE COMMISSION

KELLOGG, HUBER, HANSEN, TODD,
EVANS & FIGEL, P.L.L.C.
Michael K. Kellogg (*pro hac vice*)
Mark C. Hansen (*pro hac vice*)
Email: mkellogg@khhte.com
        mhansen@khhte.com

1615 M Street, N.W., Suite 400
Washington, DC 20036
Telephone:     (202) 326-7900
Facsimile:     (202) 326-7999

SIDLEY AUSTIN LLP
David L. Anderson, Cal. Bar No. 149604
Email: dlanderson@sidley.com

555 California Street, Suite 2000
San Francisco, CA 94104
Telephone:     (415) 772-1200
Facsimile:     (415) 772-7400

Attorneys for Defendant
AT&T MOBILITY LLC

17

18                   UNITED STATES DISTRICT COURT
19            FOR THE NORTHERN DISTRICT OF CALIFORNIA
                        San Francisco Division
20

21  FEDERAL TRADE COMMISSION,              **Case No. 14-cv-04785-EMC**

22           Plaintiff,                    **FURTHER JOINT STATEMENT AND**
23                                         **[PROPOSED] ORDER REGARDING**
                    v.                     **PHASED DISCOVERY**
24

25  AT&T MOBILITY LLC, a limited liability
    company,
26
             Defendant.
27

28

**Joint Statement and [Proposed] Order re Phased Discovery – 14-cv-04785-EMC**

The parties to the above-entitled action hereby submit this Joint Statement Regarding Phased Discovery pursuant to the Court's Civil Minutes (Dkt. #98) and its Order extending the deadline to file this Joint Statement (Dkt. #103).

## I.  BACKGROUND

At a status conference on January 21, 2016, the Court ordered that the previously-ordered phased discovery would continue with a second phase to include custodial document production and a limited number of depositions. *See* Civil Minutes, Dkt. #98. The Court ordered the parties to propose a "Phase II discovery plan" and to agree upon "a list of deponents and custodians for production of documents." *Id.* Following a Stipulated Request by the parties, the Court extended the deadline for the parties' discovery proposal to February 11, 2016. *See* Dkt#103.

## II.  AGREEMENT ON PHASED DISCOVERY

Having met and conferred, the parties have reached the following agreement with respect to Phase II:

A.  AT&T shall produce, to the extent such documents exist and are reasonably accessible, documents responsive to Requests 13(u) and 39. The requests shall be construed as memorialized and limited in correspondence and discussions between the parties or in AT&T's document responses and objections, and shall be treated as a "go-get" request that does not call for the application of database search terms.

B.  AT&T shall also produce responsive non-privileged and non-attorney work product emails or other documents from 16 of the remaining 22 custodians agreed to by the parties as of the date of this filing, as memorialized and limited in correspondence and discussions between the parties. Upon review, to the extent any of the agreed upon search terms for the custodians above generate a disproportionately large volume of non-responsive documents, or false positives, the parties agree to work cooperatively in good faith to revise or otherwise modify those search terms during this period. Further, to the extent that the FTC identifies additional targeted requests based on its review of custodian documents, AT&T agrees to work cooperatively in good faith to treat such requests as "go-gets" to the extent they relate to existing document requests, or file types already produced.

**Joint Statement and [Proposed] Order re Phased Discovery – 14-cv-04785-EMC    Page 1**

C.      Each party shall be entitled to take up to 8 depositions during Phase II, inclusive of a deposition taken pursuant to Federal Rule of Civil Procedure 30(b)(6).  For purposes of this section and the deposition limitation, a deposition shall constitute 7 hours or less per witness, with the following exceptions:  The FTC shall be entitled to 14-hour depositions of the three document custodians identified by Defendant in response to Plaintiff's initial pre-complaint civil investigative demand.  The parties agree that no deponent deposed in Phase II shall be deposed for a second time in this or any future phase of discovery without leave of court pursuant to Federal Rule of Civil Procedure 30(a)(2) and that the production of additional documents due to the nature of phased document productions is not, in and of itself, sufficient cause for additional deposition time under 30(a)(2).  In addition, the FTC agrees not to conduct any depositions of AT&T until after May 30, in order to give AT&T time to produce additional documents from Phase II.

D.      The FTC agrees that it shall not depose during Phase II any witness not appearing on the list of Phase I custodians in § II.B of the Court's October 13, 2015 Joint Statement and Order Regarding Phased Discovery (Dkt. # 92).  The FTC further agrees that it shall not depose David Christopher during Phase II.

E.      AT&T shall produce the documents described in paragraphs A and B on a rolling basis, and production shall begin promptly or as soon as practicable upon entry of this proposed order.  The parties shall endeavor in good faith to complete the production of all documents described in paragraphs A and B by July 14, 2016.

F.      Neither party waives any right to seek further discovery after July 21, 2016, nor does it waive any right with regard to document requests, responses, and/or objections served in the matter.

G.      The FTC shall issue on February 25, 2016 document requests concerning the 14 potential consumer witnesses identified by the FTC on January 14, 2016.  AT&T shall produce responsive documents or otherwise respond and object to those requests within 30 days.  To allow the FTC time to revise its Rule 26(a) disclosures prior to any consumer witness

1  depositions, AT&T agrees not to serve notices of depositions of consumer witnesses until 15

2  days after responding to the FTC's document requests.

3       H.     The parties further agree to discuss in good faith potential stipulations prior to

4  issuing further requests for party discovery, including requests for production, interrogatories, or

5  requests for admission during Phase II.

6

7  Dated:  February 11, 2015                   Respectfully submitted,

8                                              _____*/s/ Evan Rose*_____

9                                              EVAN ROSE
                                               MATTHEW D. GOLD
10                                             LAURA FREMONT
                                               KERRY O'BRIEN
11                                             DAVID M. NEWMAN
                                               LINDA K. BADGER
12                                             LIN W. KAHN
                                               MARICELA SEGURA
13

14                                             Attorneys for Plaintiff
15                                             FEDERAL TRADE COMMISSION

16                                             KELLOGG, HUBER, HANSEN, TODD, EVANS
                                               & FIGEL, P.L.L.C.
17                                             1615 M Street N.W., Suite 400
18                                             Washington, DC 20036

19                                             _____*/s/ Michael K. Kellogg*_____
20                                             Michael K. Kellogg
                                               Mark C. Hansen
21

22                                             Attorneys for Defendant
23                                             AT&T MOBILITY LLC

24
25                                             SIDLEY AUSTIN LLP
                                               555 California Street, Suite 2000
26                                             San Francisco, CA 94104

27                                             _____*/s/ David L. Anderson*_____
                                               David L. Anderson
28

**Joint Statement and [Proposed] Order re Phased Discovery – 14-cv-04785-EMC        Page 3**

Attorneys for Defendant
AT&T MOBILITY LLC

(The filer attests that concurrence in the filing of this document has been obtained from the other signatories.)

IT IS SO ORDERED.

Date: _____

_____
HONORABLE EDWARD M. CHEN
UNITED STATES DISTRICT JUDGE

# ATTACHMENT 4



575 SEVENTH STREET NW   WASHINGTON, DC 20004
**T** 202.344.4000   **F** 202.344.8300   www.Venable.com

Danielle R. Foley

**T 202.344.4343**
**F 202.344.8300**
drfoley@venable.com

November 25, 2014

***VIA E-MAIL***

Duane C. Pozza
Jason M. Adler
Federal Trade Commission
600 Pennsylvania Avenue N.W., CC-10232
Washington, D.C.  20580

>          Re:      *Federal Trade Commission v. Amazon.com, Inc.*, Case No. 2:14-cv-01038-JCC
>                   (W.D. Wash.).

Dear Duane and Jason,

I am writing to follow up on our continued discussions regarding document discovery, custodians, and search terms.

As my colleague Dave discussed with Duane last Thursday, to respond to the FTC's discovery requests, Amazon proposes several search sets, described below, that will capture responsive documents while also taking into account the custodians, searches, and production Amazon engaged in to respond to the CID. Amazon will not rerun the same searches, for the same custodians, over the same time periods as Amazon did for the CID production. As appropriate, Amazon will supplement its prior searches with new time periods, new custodians, and new search terms.

Amazon's proposals are described below. Amazon reserves the right to further restrict the terms discussed below as necessary, if, for example, the search returns a high number of non-responsive documents. In the event that this is the case, we will work with you to develop a more refined search string. Please let us know when you are available to discuss.



Duane C. Pozza, Jason M. Adler
November 25, 2014
Page 2

## Search Set One – CID Custodians with CID Search Terms for Post-CID period

This set would update Amazon's search for the CID custodians with documents generated after the CID collection. This search would use the same search terms Amazon used for the CID production, which we previously provided to you.[1]

### A.     Custodians

This search set would search the CID custodians.  They are:

- Aaron Rubenson
- Alex Rouse
- Michael Lagoni
- Ameesh Paleja
- Sean McKeague
- Terese Kietzer
- Ryan Kortekaas
- Mekka Okereke
- Michael Callahan
- Nate Glissmeyer
- Josh Sherman

### B.     Time Period

For this search set, we would search the CID custodians' e-mail and files from January 18, 2013, which was the search-term cut-off date for the CID, to October 6, 2014, the date of Amazon's response to the FTC's first set of RFPs.  Amazon reserves the right to select earlier end-dates in instances where individual custodians ceased having involvement with in-App purchasing.  Under separate cover, we will provide you the specific end-dates for custodians to whom this applies.

### C.     CID Search Terms

For the custodians and time periods above, Amazon will use search terms from the CID, which are as follows:

---

[1]     As you are aware, in responding to the CID Amazon ran several searches for specific Apps that Amazon and the FTC agreed constituted "top refund" and "top revenue" Apps.  As these specific Apps are no longer the subject of specific document requests, we have removed those search strings.



Duane C. Pozza, Jason M. Adler
November 25, 2014
Page 3

- (rated OR rating OR restrict* OR recommend*) w/20 ("In-App" OR "In App" OR IAP OR InApp OR (App* w/3 (purchase* OR buy* OR bought OR download* OR game* OR order* OR charge* OR fee*)) AND (age OR "kid" OR "kids" OR boy* OR girl* OR child*)

- (*authorize* OR error* OR wrong* OR incorrect* OR fraud* OR accident*) w/20 ("In-App" OR "In App" OR IAP OR InApp OR (App* w/10 purchase* OR buy* OR bought OR download* OR game* OR order* OR charge* OR fee*))

- (disclos* OR restrict* OR additional* OR step* OR process* OR *authorize* OR"parental control*" OR "parental setting* OR "password challenge*" OR (password w/3 requir*) OR "4-digit PIN" OR "four-digit PIN" OR "Purchase PIN" or "contact challenge" or "high frequency purchase") w/20 ("In-App" OR "In App" OR IAP OR InApp OR (App* w/10 purchase* OR buy* OR bought OR download* OR game* OR order* OR charge* OR fee*))

- (complain* or "BBB" or "Better Business Bureau" or question* or challenge* or "refund rate" or concern* or "attorney general" or "AG" or dispute*) w/20 (("In-App" or "In App" or IAP or InApp or (App* w/3 purchase* or buy* or bought))

- ("parental control*" OR "parental setting* OR "password challenge*" OR (password w/3 requir*) OR "4-digit PIN" OR "four-digit PIN" OR "Purchase PIN") AND ("In-App" OR "In App" OR IAP OR InApp OR (App* w/10 purchase* OR buy* OR bought OR download* OR game* OR order* OR charge* OR fee*))

## Search Set Two – CID Custodians with New Search Terms for Full Time Period

This set would search the CID custodians using new search terms. As discussed below, as an accommodation to the FTC and without wavier of our objections to the relevance of the time period for which the FTC seeks documents, Amazon will run these new search terms from January 1, 2011 through October 6, 2014 (the date of Amazon's response to the FTC's First RFPs).

### A. Custodians

This search set would search the CID custodians. They are:

- Aaron Rubenson
- Alex Rouse
- Michael Lagoni



Duane C. Pozza, Jason M. Adler
November 25, 2014
Page 4

- Ameesh Paleja
- Sean McKeague
- Terese Kietzer
- Ryan Kortekaas
- Mekka Okereke
- Michael Callahan
- Nate Glissmeyer
- Josh Sherman

**B.     Time Period**

For this search set, Amazon would search the CID custodians' e-mail and files from January 1, 2011 (as an accommodation to the FTC and without wavier of our objections to the relevance of the time period for which the FTC seeks documents) to October 6, 2014 (the date of Amazon's response to the FTC's first set of RFPs).  Amazon reserves the right to select earlier end-dates in instances where individual custodians ceased having involvement with in-App purchasing.  Under separate cover, we will provide the specific end-dates for custodians to whom this applies.

**C. New Search Terms**

For the custodians and time periods identified above, Amazon will run the following new search terms:

- (refund* or "refund rate" or (refund* w/5 policy or policies or practice*)) AND ("In-App" OR "In App" OR IAP OR InApp OR (App* w/10 purchase* OR buy* OR download* OR game* or order* or charge* OR fee*) AND (child* OR "under 13" OR "age w/5 13" OR "U13" OR "kid" OR "kids" OR boy* OR girl* OR "all ages" OR pre-teen OR preteen OR (educational /3 rating))

- (*authorize* OR error* OR wrong* OR incorrect* OR fraud* OR accident* OR unintentional* or unwanted* or consent*) w/20 ("In-App" OR "In App" OR IAP OR InApp OR (App* w/10 purchase* OR buy* OR bought OR download* OR game* OR order* OR charge* OR fee*)) AND (child* OR "under 13" OR "age w/5 13" OR "U13" OR "kid" OR "kids" OR boy* OR girl* OR "all ages" OR pre-teen OR preteen OR (educational /3 rating))

- ("Free Time" OR "FreeTime" OR "FreeTime Unlimited") w/20 (disclos* OR restrict* OR "parental control*" OR "parental setting" or "password challenge*" or (password



Duane C. Pozza, Jason M. Adler
November 25, 2014
Page 5

> w/5 requir*) OR "4-digit PIN" OR "four-digit PIN" OR "Purchase PIN" or "contact challenge" or "high frequency purchase")

- (child* OR "under 13" OR "age w/3 13" OR "U13" OR "kid" OR "kids" OR boy* OR girl* OR "all ages" OR pre-teen OR preteen OR (educational /3 rating)) AND ("In-App" OR "In App" OR IAP OR InApp OR (App* w/3 (purchase* OR buy* OR bought OR download* OR game* OR order* OR charge* OR fee*)) OR Venezia[2]

- "Frequency" w/10 ("In-App" OR "In App" OR IAP OR InApp OR (App* w/5 (purchase* OR buy* OR bought OR download* OR game* OR order* OR charge* OR fee*)) AND (child* OR "under 13" OR "age w/5 13" OR "U13" OR "kid" OR "kids" OR boy* OR girl* OR "all ages" OR pre-teen OR preteen OR (educational /3 rating))

### Search Set Three – New Custodians with CID Search Terms and New Search Terms

This search would search new custodians using the CID search terms and the new search terms.

#### A.    Custodians

Amazon will search the e-mail and files of the new custodians that Amazon identified in its initial disclosures.

Also, Amazon has also identified Aaron Brown, Product Manager for the Appstore, as an additional custodian who may have responsive documents. Amazon will also search his e-mail and files as part of Search Set Three.

Additionally, as we discussed on November 20, 2014, the FTC has proposed several additional custodians that it believes may have responsive documents. As you know, Amazon believes that these custodians have duplicative information of the CID custodians mentioned above. Nevertheless, in the interest of compromise, and in an effort to reduce the areas of potential disagreement between the parties, Amazon will search the e-mail and files of all of the following additional individuals:

- Aaron Brown
- Alex Bowman
- Chirag Mehta
- Jason Makuch

---

[2]      In the interest of compromise, for this search string Amazon proposes using the names of the Apps on the High Risk ASIN list as a means of reasonably limiting discovery.



Duane C. Pozza, Jason M. Adler
November 25, 2014
Page 6

- Jason Vogrinec
- Josh Dodson
- Rebecca Hope
- Mike George
- Ethan Evans
- Michael Harbut
- Jonathan Werner
- Jare Buckley-Cox
- Jeff Pieros
- Paul Ryder
- James Adkins

**B.      Time Periods**

As these custodians were not searched in response to the CID, Amazon will search their e-mail and files for the period of January 1, 2011 (as an accommodation to the FTC and without wavier of our objections to the relevance of the time period for which the FTC seeks documents) to October 6, 2014 (the date of Amazon's response to the FTC's First RFPs).  As noted above, Amazon reserves the right to select earlier end-dates in instances where individual custodians ceased having involvement with in-App purchasing.  Under separate cover, we will provide the specific end-dates for custodians to whom this applies.

**C.      CID and New Search Terms**

For the custodians and time periods listed above, Amazon will run the CID search terms and new search terms listed in Search Sets One and Two above.

### Search Set Four – Shared Drives with CID and New Search Terms

Amazon searched and produced documents from the following non-custodial sources in responding to the CID, and Amazon proposes (a) conducting a supplemental search using the CID search terms identified in Search Set One above for the post-CID period (January 18, 2013 to October 6, 2014), and (b) using the new search terms identified in Search Set Two above for the period of January 1, 2011 to October 6, 2014.  The sources are as follows:

- Appstore for Content Ops Sharepoint
- Appstore for Android Sharepoint



Duane C. Pozza, Jason M. Adler
November 25, 2014
Page 7

Please contact me with any questions.

Sincerely,

Danielle R. Foley

cc:    File