IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>FLEETCOR TECHNOLOGIES, INC., *et al.*,<br><br>Defendants. | Civil Action No. 1:19-cv-5727-AT |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO SEAL**

The FTC respectfully requests that the Court seal certain exhibits the FTC filed in support of the FTC's Motion For Summary Judgment that were produced by FleetCor and certain third parties, and also to seal certain portions of the Declaration of Anne Miles, the FTC's Memorandum of Law in Support of its Motion for Summary Judgment, and the FTC's Statement of Undisputed Material Facts that quote from or reveal the contents of the provisionally sealed exhibits. The Exhibits in question were produced to the FTC and marked "Confidential" in full pursuant to the Protective Order in this case, Dkt. 39.

Although "[d]ocuments filed in court are presumptively public," the Local Rules provide a process to request that documents be filed under seal. App. H, pt. II(J). Normally, the moving party "bears the burden of establishing good cause

1

for sealing" and must file a brief satisfying the requirements of Part II-J(2)(d) of Appendix H to the Local Rules. But this provision does not apply where the motion to seal is required "because a non-movant has requested protection of the document from public disclosure, including but not limited to documents designated pursuant to a protective order." *Id.* pt. II-J(2)(e). In that case, the non-moving party that designated the materials as "confidential" "bears the burden of establishing good cause for sealing" by submitting a response to the motion to seal that provides "the information required by subsections 2(d)(ii) through (2)(d)(iv)" of Part II-J. *Ibid.* In contrast, the moving party (here, the FTC) need only "(i) identify, with specificity, the documents or portions thereof for which sealing is requested by the non-movant and (ii) briefly explain the nature of the request or designation made by the non-movant." *Ibid.*

Here, the FTC moves to seal documents that FleetCor and certain third parties produced during the litigation that they marked "Confidential" pursuant to the Protective Order. The Protective Order defines "Confidential Material" as

> any material that (1) contains information that is not known to be in the public domain such as trade secrets, confidential commercial or financial information, or confidential research and development information; and (2) reasonably would cause specific or cognizable harm if disclosed publicly or to unauthorized persons

Dkt. 39 § I(E). To use any document stamped "Confidential" in litigation, the Protective Order requires that the party "must either redact such material before filing

or file such material under seal concurrently with a motion to seal the material." *Id.* § VI.[1]

Pursuant to Part II-J(2)(e)(i) of Appendix H, below are the documents that the FTC respectfully requests to file under seal:

- Written Discovery Responses produced by FleetCor:  Exs. 1, 4, 22
- Financial data produced by FleetCor:  Ex. 16 (MCARD_CD_REBATE_PRG table from the Global FleetNet platform).
- Certain FleetCor sell sheets produced by FleetCor:  Exs. 6, 19, 20.
- Certain copies of FleetCor's Terms and Conditions for its fuel cards produced by FleetCor:  Exs. 23-27, 29-36.
- Excerpts of Deposition Transcripts:  Ex. 46-56
- Other Documents produced by FleetCor during the FTC's pre-suit investigation and this Litigation:  Exs. 62-70, 75-76, 78-84, 86-104, 106-267
- Documents produced by Jabian:  Ex. 5 (JABIAN – CONFIDENTIAL 000076); Ex. 37 (JABIAN – CONFIDENTIAL 000005; JABIAN – CONFIDENTIAL 000006); Ex. 38 (JABIAN - CONFIDENTIAL 000007).
- Documents produced by PNC Bank:  Ex. 15 (PNC0000185); Ex. 40 (PNC0000170)

---

[1] In moving to seal this material, the FTC currently takes no position regarding whether any particular document satisfies either the standard for sealing or the definition of "Confidential" under the Protective Order.

- Documents produced by Hanover Research Counsel:  Ex. 17 (HRC000283-CONFIDENTIAL)
- Documents produced by Kwik Trip:  Ex. 39 (FTC-Prod-00144525)
- Documents produced by ICR Inc.:  Ex. 45 (RFC Script_v6_Clean.doc)
- Documents produced by Regions Bank:  Ex. 57 (Regions_05.13.2020-FTCSubpoena_000023169)

The FTC also respectfully requests to file under seal the portions of its Memorandum of Law in Support of its Motion for Summary Judgment and Statement of Undisputed Material Facts that quotes from, or otherwise discloses the contents of, the documents marked "Confidential."

The FTC also respectfully requests to file under seal portions of the Declaration of Anne Miles, Exhibit 8 to the Declaration of Thomas Kost.  This declaration explains the FTC's calculations for equitable monetary relief and reveals information related to FleetCor's financial data that FleetCor marked "Confidential."

Finally, the FTC respectfully requests to file under seal the entirety of the deposition transcripts that the FTC has attached to its Motion for Summary Judgment in excerpted form, Exs. 46-56: Ronald Clarke, Yvette Chen, Yvette Chen 30(b)(6), Nick Izquierdo, Todd House, Ashley Thekkekara 30(b)(6), Chet Panhans, Todd Sale, Mary Rachide, Pam Coan, and Ashley Thekkekara.  Section III.h of the Court's Standing Order requires that deposition transcripts be filed separately and in full in connection with a motion for summary judgment.  But because the transcripts have

been designated as Confidential, the FTC must submit these documents under seal. *See supra.*

Pursuant to Part II-J(2)(e)(ii) of Appendix H, the "nature of the request or designation" for each document at issue is that the producing party—FleetCor or a third-party—has asserted that each document or transcript satisfies the definition of "Confidential Material" under the Protective order, specifically that each such document "(1) contains information that is not known to be in the public domain such as trade secrets, confidential commercial or financial information, or confidential research and development information; and (2) reasonably would cause specific or cognizable harm if disclosed publicly or to unauthorized persons." Dkt. 39 § I(E).

Dated: April 16, 2021                     Respectfully submitted,

/s/ Christopher B. Leach
THOMAS C. KOST
Tel: (202) 326-2286
E: tkost@ftc.gov
BRITTANY K. FRASSETTO
Tel: (202) 326-2774
E: bfrassetto@ftc.gov
THOMAS E. KANE
Tel: (202) 326-2304
E: tkane@ftc.gov
GREGORY J. MADDEN
Tel: (202) 326-2426
E: gmadden@ftc.gov
CHRISTOPHER B. LEACH
Tel: (202) 326-2394
E: cleach@ftc.gov

Federal Trade Commission
Division of Financial Practices
600 Pennsylvania Avenue, NW
Mail Stop CC-10232
Washington, DC 20580
Fax: (202) 326-2752

MICHAEL A. BOUTROS
Ga. Bar No. 955802
Federal Trade Commission
Southeast Region
225 Peachtree Street NE, Suite 1500
Atlanta, GA 30303
Tel: (404) 656-1351
E: mboutros@ftc.gov
Fax: (404) 656-1379

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

## LOCAL RULE 5.1 CERTIFICATION

Pursuant to LR 7.1(D), I hereby certify that the foregoing was prepared with 14-point Times New Roman font in accordance with LR 5.1(C).

/s/ Christopher B. Leach

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record through this Court's electronic filing system on this 16th day of April 2021.

/s/ Christopher B. Leach

*Counsel for Plaintiff*