## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | |
| Plaintiff, | |
| v. | Civil Action No. 1:19-cv-5727-AT |
| FLEETCOR TECHNOLOGIES, INC., *et al.*, | |
| Defendants. | |

### PLAINTIFF'S REPLY ON MOTION TO SEAL

Defendants FleetCor Technologies, Inc. ("FleetCor") and Ronald Clarke (collectively, "Defendants") argue that ninety-one exhibits to the Federal Trade Commission's Motion for Summary Judgment should be withheld in whole or part from the public.  Dkt. 159.  Because the exhibits are judicial records filed in connection with a motion on the merits, they are subject to a heavy presumption of public access.  Accordingly, the exhibits can be sealed or redacted only upon a showing of "good cause":  a factual demonstration that specific harm would result from disclosure that is sufficient to overcome the public interest in access.

For the reasons set forth below, Defendants have demonstrated good cause only for (i) the redaction of identifying information (business names, employee names, addresses, and contact information) of their customers from various

exhibits, and (ii) the partial redaction of Exhibit 57, for which Defendants have submitted a declaration that specifically addresses the basis for treating the bulk of the designated content as confidential.  Defendants have failed, however, to carry their burden with respect to their remaining designations, which should be denied.[1]

## I.      Applicable Law

Confidentiality of court proceedings is the exception, not the rule.  Standing Order:  Guidelines to Parties and Counsel in Cases Proceeding Before the Hon. Amy Totenberg ("Standing Order") at 22.  The Court's discretion to permit filings under seal or subject to redaction is guided by the presumption that judicial records should be available to the public.  *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013).  The party seeking to restrict public access bears the burden of showing "good cause" by demonstrating that its interest in keeping the information confidential overcomes the interest of the public in accessing the information.  *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

---

[1] For ease of reference, attached as Exhibit A to this filing is a chart that breaks down the FTC's assessment of the appropriate disposition of the various exhibits and other papers provisionally filed under seal, including two briefing documents and 149 exhibits for which Defendants have abandoned any claims to confidential treatment.  *See* Ex. A, Categories A & B.

Courts have held that establishing good cause requires "a specific demonstration of fact by affidavit or testimony of a witness with personal knowledge, of the specific harm that would result from disclosure or loss of confidentiality; generalities, conclusory statements, and unsupported contentions do not suffice." *Theriot v. N.W. Mutual Life Ins. Co.*, 382 F. Supp. 3d 1255, 1259 (M.D. Ala. 2019); *see also Estate of Manship v. United States*, 240 F.R.D. 700, 702 (N.D. Ga. 2006) (good cause requires a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements"); *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978) (same).  The requirement of a showing of harm "is designed to prevent the parties from designating information that is too stale to be of current commercial value, or information about which the designating party can only articulate a speculative belief that the information might, someday and somehow, be damaging if it were revealed." *Sullivan v. Gov't Employees Ins. Co.*, No. 17-891, 2018 WL 5717430, at *1 (M.D. Fla. Nov. 1, 2018).

Even upon a demonstration of good cause, "only in rare instances will it be appropriate to seal an entire document from public access."  Standing Order at 24. Instead, only those portions of the document properly deemed confidential should be redacted.  *Id.*; *see also Romero*, 480 F.3d at 1246 (directing consideration of "the availability of a less onerous alternative to sealing the documents").

## II.    Defendants Have Established Good Cause for Only Limited Redactions

Defendants have grouped the material they seek to seal or redact into three categories:  (i) material implicating the purported interests of FleetCor customers; (ii) a document produced by a nonparty, Regions Bank; and (iii) material relating to FleetCor's own purportedly commercially sensitive information.  As discussed further below, for each of these categories, the Court should respectively direct that the exhibit(s) in question be publicly accessible:  (i) with redactions only to customer identifying information; (ii) with redactions to the substantive content of the e-mail chain but no redaction of header information; and (iii) without any redaction.

### A.    FleetCor Customer Information

Defendants seek to redact or seal thirty-nine exhibits that involve identifying information—such as business names, employee names, addresses, and contact information—for FleetCor customers.  For some exhibits, Defendants propose to redact only identifying information.  *E.g.*, Ex. 15 (Dkt. 160-1); Ex. 102 (Dkt. 160-11).  For others, Defendants propose to redact additional material beyond the customer's identifying information, such as the content of customer complaints made to FleetCor about its deceptive practices, *e.g.*, Ex. 79 (Dkt. 160-6), Ex. 81 (Dkt. 160-7); the entirety of a customer invoice, *e.g.*, Ex. 129 (Dkt. 160-19), Ex. 140 (Dkt. 160-26); or the entirety of a "Fleet Management Report" sent by FleetCor to a customer, *e.g.*, Ex. 133 (Dkt. 160-21), Ex. 134 (Dkt. 160-22).  In five

4

instances, Defendants seek to seal entire exhibits on the basis of similar customer content.  Exs. 84, 135, 209, 210, 237.

The FTC believes there is good cause to redact the identifying information of FleetCor customers.  While identifying information for businesses is not sensitive to the same degree as personal identifying information, *see, e.g.*, LR App. H, § II(I)(1), N.D. Ga. (mandating the redaction of "home addresses" but not business addresses), the privacy concerns in these circumstances are significant enough to warrant redaction.[2]

Defendants have not, however, established good cause for redactions beyond customer identifying information.  Nothing in Defendants' brief or accompanying materials even argues—let alone demonstrates through evidence—that FleetCor customers have a privacy or proprietary interest in further redactions from documents that have been rendered anonymous by the removal of the customers' identifying information.  *See* Dkt. 159 at 5–7.  To the limited extent that Defendants have attempted to assert their own proprietary interest in this content, that assertion consists only of a hand-waving comparison to a customer list.  *Id.* at 7.  Defendants, however, have neither attempted to demonstrate that whatever brief

---

[2] As the chief federal agency on privacy policy and enforcement, the FTC gives careful consideration to issues concerning the disclosure of consumers' identifying information.

references to customers are scattered in various exhibits are the equivalent of a valuable customer list, nor explained why the removal of identifying information alone would not suffice to negate any such hypothetical concerns.[3]

Because Defendants have not established good cause for their requests to seal exhibits in their entirety or redact additional information, the Court should direct that:

- the seventeen exhibits identified in Category C of Exhibit A be filed in accord with Defendants' proposed redactions; and

- the twenty-two exhibits identified in Category D of Exhibit A be filed with redactions only of the identifying information of FleetCor customers, and without the additional redactions unrelated to identifying information proposed by Defendants.

**B.    E-mail Chain (Exhibit 57)**

Defendants seek to substantially redact Exhibit 57, such that only the one paragraph cited in the FTC's summary judgment papers would be left unredacted. The exhibit consists of a chain of e-mails exchanged between an in-house lawyer at

---

[3] Indeed, when Defendants themselves filed invoices or Fleet Management Reports with the Court, they appear to have either redacted only customer identifying information or redacted nothing at all.  *See* Dkt. 161-13, Appx. T (invoices and Fleet Management Reports with minimal redactions); Dkt. 161-10 at 91–92 (Fleet Management Reports with no redactions).

FleetCor and an in-house lawyer at Regions Bank.  The proposal to redact is supported by a sworn declaration that directly addresses the exhibit at issue and explains in reasonable detail the basis of the claim that disclosure would result in harm.  Dkt. 159-2.  Accordingly, the FTC does not dispute that good cause exists to redact substantial content from the bodies of the e-mails exchanged.

Although the declaration asserts a claim of confidentiality over the content of the e-mails, it does not claim that the fact that FleetCor and Regions Bank communicate by e-mail, the date and time of such communications, or the subject of such communications are confidential.  Nor does the declaration demonstrate or even claim that the disclosure of these basic facts would cause harm.  As such, the FTC believes there is not good cause to redact the header information of the four e-mails comprising Exhibit 57.

### C.    FleetCor's Purportedly Proprietary Financial Information

Defendants seek to redact or seal fifty-one exhibits that they claim contain confidential and proprietary financial information, and have submitted the declaration of Robert D. Stonebraker, the Head of Litigation and Vice President of FleetCor, Dkt. 159-1, in support of their claims.  Of the fifty-one exhibits at issue, Defendants' declaration addresses with specificity only Exhibit 8 (Declaration of Elizabeth Anne Miles), and it materially mischaracterizes both the content of that exhibit and Defendants' own treatment of the purportedly sensitive and confidential information referenced in the exhibit.  With regard to the other fifty

7

exhibits, Defendants have failed to meet their burden of demonstrating specific harm that would result from disclosure.

The sole exhibit addressed with specificity in Defendants' declaration is the Declaration of Elizabeth Anne Miles ("Miles Declaration"), Exhibit 8.  Defendants seek to seal the Miles Declaration, which the FTC filed with substantial redactions,[4] in its entirety.  Their stated basis for this relief is that the Miles Declaration "contains FleetCor's confidential and proprietary customer, billing, and transaction databases from 2014-2019."  Dkt. 159 at 7–8; Dkt. 159-1 at ¶ 1.

A review of the Miles Declaration, however, reveals that very little of the document includes FleetCor data of any type.  To the contrary, more than 75 percent of the Miles Declaration's sixty-nine paragraphs is devoted to explaining the steps that Ms. Miles, a data analyst for the FTC, took in preparation for performing calculations.  The relatively few paragraphs of the Miles Declaration that do include FleetCor data do not—as one might believe from the Stonebraker Declaration's description—involve a line-by-line recitation of every entry in FleetCor's databases, but instead provide aggregate figures on selected topics calculated from FleetCor data.

---

[4] The FTC heavily redacted the Miles Declaration because Defendants mass-designated their data productions "confidential."

It is unclear from Defendants' submission what basis, if any, they would have for seeking to seal the extensive portions of the Miles Declaration that contain no FleetCor data, aggregate or otherwise.  Moreover, the Stonebraker Declaration does not demonstrate any specific harm that disclosure of unredacted aggregate figures would cause; instead, the declaration offers only the conclusory statement—borrowed in substantial part from Rule 26(c)(1)—that disclosure of the Miles Declaration "would affect its business operations and relationships with each of its customers, resulting in an undue burden, expense, or embarrassment for FleetCor."  Dkt. 159-1 at ¶ 11.  Additionally, the Stonebraker Declaration's supposed concerns about harm from disclosure of FleetCor's purportedly "confidential and proprietary customer, billing, and transaction databases" (Stonebraker Decl. at ¶ 10) are contradicted by Defendants' public filing of their own summary of calculations from the Miles Declaration, as well as detailed calculations from these databases, in their summary judgment papers.  *See* Ex. 269-B (Dkt. 161-8, Ex. B) at ¶¶ 14-21 (summarizing calculations from the Miles Declaration); *id.* at Ex. 2 (naming eighty tables from FleetCor's databases); *id.* at Exs. 3A–20B (attaching more than 100 pages of calculations from the same databases used by the Miles Declaration).[5]  Because Defendants have failed to

---

[5] Defendants' decision not to seek to redact from Plaintiff's Statement of Material Facts any of the eleven aggregate figures that Plaintiff's Statement includes from the Miles Declaration similarly cuts against the notion that disclosure of aggregate

demonstrate good cause to limit the amount of the Miles Declaration available to the public, their request to seal the document entirely should be denied, and the unredacted document should be available in full.

The Stonebraker Declaration does not address by name or exhibit number any of the other fifty exhibits that Defendants seek to seal or redact for purportedly confidential and proprietary financial information, but the exhibits are generally described as containing internal analyses and calculations, Dkt. 159-1 at ¶ 8–9. Defendants' declaration asserts, without demonstrating, that disclosure of "internal revenue figures or discussions related thereto would provide unfair competitive advantages to FleetCor's competitors." Dkt. 159-1 at ¶ 12.

Defendants' reliance on this general and conclusory statement, and their failure to identify a specific harm that would result from disclosure, is sufficient to conclude that they have not demonstrated good cause for keeping these materials from the public. *See, e.g.*, *Sullivan*, No. 17-891, 2018 WL 5717430, at *1, 2 ("[T]rade secrets and other confidential business information are not entitled to protection unless disclosure would result in a specified harm"; general averment that competitors could use the information did not establish good cause). A specific showing of harm is particularly relevant here, where some of the materials

---

figures is calamitous for Defendants. *See* Dkt. 159 at 1 ("FleetCor does not seek to seal or redact . . . the FTC's Statement of Material Facts in Support of Motion for Summary Judgment").

Defendants seek to seal or redact date back to 2014 and 2015, *e.g.*, Dkt. 159-3 at 1, 2, 4, 5, 6. *Sullivan*, No. 17-891, 2018 WL 5717430, at *2 ("[T]he requirement of a showing of harm is designed to prevent the parties from designating information that is too stale"); *Parsons v. General Motors Corp.*, 85 F.R.D. 724, 726 (N.D. Ga. 1980) (good cause not established where "[s]ome of the information . . . is ten years old" and the party "does not show that the information is still confidential").

Because Defendants have not demonstrated good cause for the relief they seek concerning their purportedly proprietary financial data, the Court can properly reject the request entirely both for the Miles Declaration and for the fifty other exhibits, all of which are identified in Category F of Exhibit A.

## III.   Conclusion

For the reasons discussed above, Defendants have demonstrated good cause only for (i) the redaction of identifying information (business names, employee names, addresses, and contact information) of their customers from various exhibits, and (ii) the partial redaction of Exhibit 57, for which Defendants have submitted a declaration that specifically addresses the basis for treating the bulk of the designated content as confidential.  Because Defendants have failed to carry their burden with respect to their remaining designations, the proposed sealing or redaction of those exhibits should be denied.

Dated: May 24, 2021                    Respectfully submitted,

                                       /s/ Brittany K. Frassetto
                                       BRITTANY K. FRASSETTO
                                       Tel: (202) 326-2774
                                       E: bfrassetto@ftc.gov
                                       GREGORY J. MADDEN
                                       Tel: (202) 326-2426
                                       E: gmadden@ftc.gov
                                       CHRISTOPHER B. LEACH
                                       Tel: (202) 326-2394
                                       E: cleach@ftc.gov

                                       Federal Trade Commission
                                       Division of Financial Practices
                                       600 Pennsylvania Avenue, NW
                                       Mail Stop CC-10232
                                       Washington, DC 20580
                                       Fax: (202) 326-2752

                                       MICHAEL A. BOUTROS
                                       Ga. Bar No. 955802
                                       Federal Trade Commission
                                       Southeast Region
                                       225 Peachtree Street NE, Suite 1500
                                       Atlanta, GA 30303
                                       Tel: (404) 656-1351
                                       E: mboutros@ftc.gov
                                       Fax: (404) 656-1379

                                       Attorneys for Plaintiff
                                       FEDERAL TRADE COMMISSION

## LOCAL RULE 5.1 CERTIFICATION

Pursuant to LR 7.1(D), I hereby certify that the foregoing was prepared with 14-point Times New Roman font in accordance with LR 5.1(C).

/s/ Brittany K. Frassetto

*Counsel for Plaintiff*

13

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record through this Court's electronic filing system on this 24th day of May 2021.

/s/ Brittany K. Frassetto

*Counsel for Plaintiff*