IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:19-cv-5727-AT |
| FLEETCOR TECHNOLOGIES, INC., : | |
| and RONALD CLARKE, : | |
| : | |
| Defendants. : | |
| : | |

## **ORDER**

Before the Court are two Motions for Leave to File Matters Under Seal. [Docs. 155, 173.] The Court's rulings are set forth below.

### A. Motion for Leave to File Matters Under Seal [Doc. 155] re: Docs. 132-154

The FTC moved to seal numerous documents (over 240 exhibits) in support of its Motion for Summary Judgment. These documents were produced and designated as confidential by FleetCor and third parties during discovery. (Doc. 155.) Under Local Rule, Appendix H, the party claiming the confidential designation as the non-movant must respond to the FTC's Motion and provide good cause for sealing. *See* LR App H, § II(J)2.e. NDGa.

FleetCor responded to the FTC's Motion stating its position that, in connection with the documents filed provisionally under seal, (1) some of the

documents should be sealed in full; (2) some documents should be "partially sealed," i.e., filed publicly in redacted form; and (3) some documents should be completely public. (Def. Resp. to Mot. to Seal, Doc. 159.) FleetCor attached a chart indicating its position with respect to each exhibit it argues should be either fully or partially sealed. (Sealing Treatment Chart, Doc. 159-3.) For the documents that fall in the second category—partially sealed documents—FleetCor also filed copies of those exhibits indicating its proposed redactions, for the Court's benefit. (Docs. 160-1 through 160-55.) FleetCor's chart does not include a list of the documents it agrees should not be sealed in any manner.

Having read and considered the Motion to Seal, response, and relevant chart, the Court **GRANTS IN PART AND DENIES IN PART** the FTC's Motion to Seal [Doc. 155]. With respect to the documents in category 1, documents to be sealed in full, the Motion is **GRANTED**, subject to the Court's further review and lifting of the seal. With respect to the documents in category 2, documents to be partially sealed, the Motion is **GRANTED**, subject to the Court's further review and lifting of the seal. Defendant FleetCor is hereby **DIRECTED** to file redacted versions of these documents, as identified in its proposed chart (Doc. 159-3) and proposed redactions (Docs. 160-1 through 160-55). After FleetCor has filed these public, redacted versions of the relevant exhibits, it **SHALL** file a chart, for the Court's benefit, that includes (1) a list of the relevant redacted/partially sealed documents; (2) the corresponding docket number for the sealed version of each listed document; and (3) the corresponding docket number for the newly filed,

redacted version of each listed document. With respect to the documents in category 3, those neither side has provided good cause for sealing, the Court **DENIES** the Motion. Defendant FleetCor is **DIRECTED** to file on the docket **no later than Wednesday February 23, 2022** a list of all documents (by docket number) that fall within this third category so that the Court can remove the provisional seal from those docket entries.

### B. Motion for Leave to File Matters Under Seal [Doc. 173] re: Docs. 170, 172

The FTC also requested to seal certain documents in connection with its reply brief and related *Daubert* motion. As with the first motion to seal, the documents and information at issue were produced and designated as confidential by FleetCor and third parties during discovery. (Doc. 173.) Accordingly, it was FleetCor's burden to respond and provide good cause for sealing. *See* LR App H, § II(J)2.e. NDGa. FleetCor failed to file any response providing good cause for the sealing of these documents, despite the Court's scheduling order designating a response date deadline of July 12, 2021. (Doc. 177.) Shortly thereafter, the FTC filed a Notice indicating that FTC counsel emailed FleetCor counsel on July 13, 2021 regarding the absence of a response to the Motion to Seal, and further explaining that FleetCor's counsel had not responded to the FTC's email inquiry. (July 21 Notice, Doc. 180.) FleetCor filed nothing in response to the FTC's July 21, 2021 Notice filing. Thus, at this time, FleetCor has not provided good cause for the

sealing of the documents that are the subject of the Doc. 173 Motion.[1] As such, the Motion to Seal [Doc 173] is **DENIED at this time**. These documents will **remain provisionally under seal until Wednesday February 23, 2022** to enable FleetCor to seek reconsideration of this aspect of the Order. If no such motion is timely filed, the Court will unseal the relevant documents in Docs. 170 and 172 at that time.

      **IT IS SO ORDERED** this 17th day of February 2022.

_____
**Honorable Amy Totenberg**
**United States District Judge**

---

[1] These documents are exhibits attached to the FTC's reply brief in support of summary judgment (Docs. 170-1 through 170-21) as well as the unredacted brief in support of the FTC's motion to exclude FleetCor's expert. (Doc. 172-1.) The exhibits attached the response brief include *inter alia* Dr. Wind's report and certain appendices to the Report that were not filed by Defendants, FleetCor raw customer survey data, FleetCor terms and conditions, FleetCor employee emails, and documents related to surveys done for FleetCor by Jabian Consulting.