**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | |
| Plaintiff, | |
| v. | Civil Action No. 1:19-cv-5727-AT |
| FLEETCOR TECHNOLOGIES, INC., *et al.*, | |
| Defendants. | |

**ORDER FOR PERMANENT INJUNCTION
AND OTHER RELIEF**

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). The Court entered summary judgment in the FTC's favor on all counts on August 9, 2022. (Summary Judgment Order, Doc. 306.)

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1.     This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, and has jurisdiction over all the parties hereto.

2.      Venue in this district is proper under 28 U.S.C. § 1391(b)(1), (b)(2), (c)(1), (c)(2), and (d), and 15 U.S.C. § 53(b).

3.      This is an action instituted by the FTC.  The Complaint charges that Defendants have engaged in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in the promoting, offering for sale, and servicing of FleetCor's fuel card products.  The Complaint seeks permanent injunctive relief and other relief for the Defendants' deceptive and unfair acts or practices as alleged therein.

4.      The FTC has the authority under the FTC Act to seek the relief it has requested.  15 U.S.C. § 53.

5.      The FTC is authorized to initiate federal district court proceedings by its own attorneys to enjoin violations of the FTC Act.  15 U.S.C. § 53(b).

6.      The activities of Defendants, as alleged in the Complaint, were in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

7.      It is proper in this case to issue a permanent injunction containing the provisions set forth below.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.      **"Add-On Product or Service"** means any product or service related to Defendants' Payment Products that consumers are not required to enroll in or pay for in order to obtain, use, or maintain a Payment Product account.

B.      "**Clear(ly) and Conspicuous(ly)**" means that a required disclosure is difficult to miss (*i.e.*, easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

1.      In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented.  In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2.      A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3.      An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4.      In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5.      The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

6.     The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7.     The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8.     When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

C.     "**Defendants**" means the Individual Defendant and the Corporate Defendant, individually, collectively, or in any combination.

1.     "**Corporate Defendant**" means FleetCor Technologies, Inc. and its successors and assigns.

2.     "**Individual Defendant**" means Ronald Clarke.

D.     "**Express Informed Consent**" means an affirmative act communicating unambiguous assent to be charged, made after receiving and in close proximity to a Clear and Conspicuous disclosure of the following information related to the charge(s):  (a) the product, service, fee, or interest associated with the charge; (b) the specific amount of the charge; (c) whether the charge is recurring and the frequency of recurrence; and (d) under what circumstances the charge will be incurred.  The following are examples of what *does not* constitute Express Informed Consent to be charged:

4

1.      Assent obtained *solely* through the use or continued use of Corporate Defendant's Payment Products;

2.      Assent that Corporate Defendant reserves the right to change the amount or terms of the charge, without separately having obtained from the consumer an affirmative action communicating assent for the particular change in the amount or terms of the charge;

3.      Assent to more than one charge through a single expression of assent;

4.      Assent obtained only after a consumer has been charged, including through disclosure on the consumer's billing statement, without a separate affirmative act of assent by the consumer; and

5.      Assent obtained solely through any practice or user interface that has the substantial effect of subverting or impairing consumer autonomous decision-making or choice, including but not limited to using text that is not easily legible. Material terms may not be disclosed behind a hyperlink or tooltip but can be disclosed in a dropdown icon or pop-up that requires consumers to provide assent immediately after the disclosure of the material terms.

*Provided, also, that* with respect to a charge for a product or service offered by a third party and purchased through Corporate Defendant's Payment Products, "Express Informed Consent" means that the user of the Payment Product has presented the Payment Product or account information at the point of sale. This is sufficient "Express Informed Consent," *unless* the Defendants know or should know

that the charge was unauthorized, for example through complaints or other information indicating fraud or misuse of Payment Products, or otherwise not allowable under federal regulations and laws.

E.      **"Payment Product"** means any product or service sold in the United States to be used to make payments in connection with fuel-related purchases, including but not limited to fuel cards, credit cards, payment cards, purchasing cards, virtual cards, mobile applications, electronic payment platforms, or other means of payment.

## ORDER

## I.  ADD-ON PRODUCTS OR SERVICES

IT IS ORDERED that Defendants are permanently restrained and enjoined from selling or charging for Add-On Products or Services without first securing a customer's Express Informed Consent to charge for each particular Add-On Product or Service charged. In obtaining Express Informed Consent, Defendants must Clearly and Conspicuously disclose all required information for each Add-On Product or Service.

## II.  PROHIBITION AGAINST DECEPTIVE CLAIMS

IT IS ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in

connection with promoting, offering for sale, or servicing any of Corporate

Defendant's Payment Products are permanently restrained and enjoined from:

A.      Misrepresenting or assisting others in misrepresenting, expressly or by

implication:

1.      Whether, where, or how consumers can restrict Payment Products to

allow only certain purchases;

2.      Whether, under what circumstances, or in what amount consumers will

be held liable for fraudulent or unauthorized purchases;

3.      Whether, where, or at how many locations consumers can use Payment

Products, including without incurring fees at specific fueling locations;

4.      Whether a product or service offered by Defendants or on Defendants'

behalf is free;

5.      The existence or amount of any fees, interest, or other charges;

6.      Any fact concerning the timing of payments, including the terms under

which Defendants will impose a fee or penalty or take other negative action related to

late payment; or

7.      Any other fact material to consumers, such as:  total costs or fees; any

material restrictions, limitations, or conditions; or any material benefits.

B.      Representing or assisting others in representing, expressly or by implication:

1.      That consumers will save money or achieve a specific amount of

savings, including "up to" a specific amount of savings, unless:

a.      The representation is non-misleading and Clearly and Conspicuously discloses any material restrictions on such savings, including duration, eligible locations, volume limitations, or account status; and

b.      Defendants possess and rely upon competent and reliable evidence that is sufficient in quality and quantity to substantiate that the representation is true, including any representations with regard to the available savings in a program claiming "up to" a specific amount of savings.

2.  That Defendants may charge a particular fee or interest without Clearly and Conspicuously disclosing whether, under what conditions, with what frequency, and in what amounts the Defendants will charge the fee or interest.

### III.  PROHIBITION AGAINST FAILURE TO TIMELY CREDIT CONSUMER PAYMENTS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with Payment Products, are permanently restrained and enjoined from failing to:

A.      Credit *electronic or online* payments to consumers' accounts effective as of the date the consumers submit their payments. In no event will a consumer be assessed a late fee if payment is made before 11:59 PM ET on the due date.

B.      Credit *mailed* payments to consumers' accounts effective as of the date of Defendants' receipt. *Provided, however*, if the mailed payment is received after 8:00 PM ET, Defendants must credit that payment to the customer's account no later than the following business day. *Provided further, however*, that if: (i) such a payment does not conform to Clear and Conspicuous instructions Defendants provided to the consumer on how to submit mailed payments, (ii) instructions are reasonable, and (iii) the payment deviates from those instructions, Defendants must then credit such a payment to the consumer's account effective no later than 2 days after receipt.

C.      For any payments that Defendants initiate on consumers' behalf, initiate and credit such payments no later than consumers' due dates unless Defendants can show that they were instructed by a consumer to initiate and/or credit such payment after the due date.

D.      Designate due dates for payments only on days Defendants are able to and do in fact process payments.

## IV.  EXPRESS INFORMED CONSENT

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with Payment Products, are permanently restrained and enjoined from billing a consumer for any charge unless Defendants have obtained the consumer's Express Informed Consent to that charge.

9

## V.  REQUIRED DISCLOSURES

IT IS FURTHER ORDERED that Defendants, and Defendants' officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with Payment Products, are permanently restrained and enjoined from failing to:

A.     Before a consumer signs up for any Payment Product, Clearly and Conspicuously disclose:

    1.     each fee that Defendants charge, including a description of the fee, the specific amount of the fee, whether the fee is recurring and the frequency of recurrence, and under what circumstances the fee will be charged; and

    2.     any restrictions, limitations, or conditions on payment deadlines or methods.

B.     Provide consumers with a single billing statement each billing cycle that Clearly and Conspicuously discloses on the first page a total fee amount due and an itemized list of all fees and charges.

C.     Clearly and Conspicuously notify a consumer at least one billing cycle in advance of charging any fee *for the first time*, except that Defendants are not required to provide such notice where the fee is a late fee. This notice must explain why the consumer is being charged the fee, the specific amount of the fee to be charged, and how it will be identified on billing documents.

Where a consumer has previously given her or his Express Informed Consent to a maximum fee charge, and where that consumer assent was provided after entry of this Order, and Defendants are charging a consumer a fee amount that is lower than the maximum fee to which the consumer assented, the Defendants may increase the fee amount to the amount to which the consumer provided Express Informed Consent but must first provide the consumer with advance written notice of the increase.

D.     When updating their Terms & Conditions, provide a cover letter to existing consumers that highlights any material changes to the Terms & Conditions.

## VI. EXPRESS INFORMED CONSENT FOR EXISTING CUSTOMERS

IT IS FURTHER ORDERED that to comply with Section IV of this Order with respect to existing customers, Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly are permanently restrained and enjoined from billing existing consumers for any Add-On Products or Services and fees for which Defendants have not previously secured the consumer's Express Informed Consent.

## VII.  REPORTING TO CONSUMER REPORTING AGENCIES

IT IS FURTHER ORDERED that Corporate Defendant shall request that each consumer reporting agency to which it reported data for Payment Products from 2015

11

to 2022 delete all reports of delinquent Payment Product accounts from credit reporting files during this time period. Corporate Defendant shall make this request within 30 days of entry of this Order.

## VIII. COMPLAINT HANDLING

IT IS FURTHER ORDERED that Corporate Defendant shall design and implement a process for handling consumer complaints concerning Payment Products that includes the following:

A.     For all customer communications relating to fees or payment/billing to Corporate Defendant's customer service call centers, Corporate Defendant must address the communication within two business days.

B.     Prepare reporting, on at least a monthly basis, regarding the volume of and subject matter of complaints.  That report shall be distributed to Payment Products Presidents, the officer responsible for the entire Payment Products business, and the Chief Compliance Officer identified in the section titled "Oversight Requirement." This reporting shall at a minimum include information on the volume of complaints, trends in complaints, and information on compliance with this section of the Order.

## IX. OVERSIGHT REQUIREMENT

IT IS FURTHER ORDERED that Corporate Defendant will employ a Chief Compliance Officer, who will have a reporting relationship to Corporate Defendant's board of directors or a committee thereof.  The Chief Compliance Officer will not be

appointed or removed by Corporate Defendant's management without the prior approval of a majority of the board of directors or a committee thereof.

At least every fiscal quarter, Corporate Defendant's Chief Compliance Officer will report to the board of directors or a committee thereof on management's execution of its compliance obligations under this Order, including by reviewing with the board any compliance monitoring report submitted to the Commission, and the effectiveness of Corporate Defendant's systems for managing those compliance obligations.  The Chief Compliance Officer's report shall include the following:

A.      An assessment of customer understanding of fees, billing/invoicing, payment processing, and rebates/discounts that includes, at minimum, an audit of customer inquiries, disputes, or complaints related to fees, billing/invoicing, payment processing, or rebates/discounts that identifies the most commonly identified issues related to fees, billing/invoicing, payment processing, or rebates/discounts related to Payment Products, including any issues raised in the reporting required by the section titled "Complaint Handling"; and to the extent not embraced by the audit, the additional activities described in IX.B. below.

B.      A quantitative analysis and substantive assessment of recorded customer complaints and disputes (whether communicated by phone, letter, or electronically) relating to fees, billing/invoicing, payment processing, or rebates/discounts.

C.       An identification of steps taken to address weaknesses, implement recommendations, or complete action items identified in previous reports, including

determinations whether such weaknesses have been addressed, recommendations have been implemented, or action items completed.

## X. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A.       Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.       For 10 years after entry of this Order, Individual Defendant for any business that sells Payment Productions such Defendant, individually or collectively with any other Defendants, is the majority owner or controls and Corporate Defendant, must deliver a copy of this Order to:  (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 15 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.       From each individual or entity to which a Defendant delivered a copy of this Order, the Defendant must obtain, within 30 days, a signed and dated

14

acknowledgment of receipt of this Order provided the individual is an employee of
the Defendants or the entity is under the direct or indirect control of the Defendants
or is a member of the Defendant's Board of Directors. For individuals who are not
employed by Defendants or entities not under the direct or indirect control of the
Defendants, then the Defendants will seek from such individuals and entities a signed
and dated acknowledgment of receipt of this Order within 30 days.

## XI. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the
Commission:

A.     180 days after entry of this Order, each Defendant must submit a compliance
report, sworn under penalty of perjury:

1.     Each Defendant must:  (a) identify the primary physical, postal, and
email address and telephone number, as designated points of contact, which
representatives of the Commission may use to communicate with Defendant;
(b) identify all of that Defendant's businesses that sell Payment Products by all of
their names, telephone numbers, and physical, postal, email, and Internet addresses;
(c) describe the activities of each such business, including the goods and services
offered, the means of advertising, marketing, and sales, and the involvement of any
other Defendant (which Individual Defendant must describe if he knows or should
know due to his own involvement); (d) describe in detail whether and how that
Defendant is in compliance with each Section of this Order; and (e) provide a copy of

each Order acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

      2.    Additionally, the Individual Defendant must:  (a) identify his primary telephone number, as well as his primary postal, email, and Internet addresses, including his primary residential address; (b) identify all of his positions with the Corporate Defendant; (c) disclose any additional businesses that sells Payment Products for which the Individual Defendant either performs services, whether as an employee or otherwise, or in which Individual Defendant has an ownership interest; and (4) describe in detail Individual Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.    For 20 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 21 days of any change in the following:

      1.    Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

16

2.      Additionally, Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or primary residence address; or (b) title or role in any business activity of the Corporate Defendant, including any Payment Product business required to be disclosed by Section XI A.2 of this Order.

C.      Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.      Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on:  _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580.  The subject line must begin:  FTC v. FleetCor Technologies, Inc.

## XII. RECORDKEEPING

IT IS FURTHER ORDERED that Corporate Defendants must create certain records with respect to any Payment Product line of business for 20 years after entry

of the Order and retain each such record for 5 years.  Specifically, Corporate

Defendant, must create and retain the following records:

A.      Accounting records showing the revenues from all goods or services sold;

B.      Personnel records showing, for each person providing goods or services,

whether as an employee or otherwise, that person's:  name; addresses; telephone

numbers; job title or position; dates of service; and (if applicable) the reason for

termination;

C.      Records of all consumer complaints and refund requests, whether received

directly or indirectly, such as through a third party, and any response;

D.      All records necessary to demonstrate full compliance with each provision of

this Order, including all submissions to the Commission;

E.      A copy of each unique advertisement, sales script, or other marketing material

relating to Corporate Defendant's Payment Products;

F.      A copy of each unique version of consumer contracts or agreements relating to

Corporate Defendant's Payment Products;

G.      Records of all consumer payments, including due dates, receipt dates,

electronic payment submission dates, and the dates on which Defendants gave

consumers credit for payments; and

H.      Records of all fees, including fee names, amounts, and dates incurred, charged

to consumers with Defendants' Payment Products and the contact information for any

such consumers.

## XIII. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order:

A.      Within 21 days of receipt of a written request from a representative of the Commission, each Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.       For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant, through each Defendant's counsel. Defendants must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.      The Commission may use all other lawful means, including posing through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.     Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Individual Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

E. **Third-Party Review.** Every two years for a period of 10 years, and once upon the 15th year after the issuance of this Order, FleetCor shall commission a third-party review of financial industry standard practices for comparable companies assessing how those companies communicate and disclose to consumers the manner and terms of fees to be assessed, how those companies obtain assent to charge fees, and how they assess the efficacy of their customer complaint resolution processes. Before these reviews are conducted, the FTC shall be given an opportunity to meet with the third-party vendor and FleetCor to identify relevant peer companies and issues to be evaluated in the third-party review.  The first meeting shall occur within 90 days of the issuance of this Order.

Upon the issuance of these two-year review reports, FleetCor's Chief Compliance Officer will meet with FTC leadership to consider and assess how FleetCor's practices compare to companies offering similar products and to address any concerns of non-compliance with this Order. While FleetCor's compliance with the terms of this Order is not tied to an assessment of financial industry standard

20

practices, these two-year reviews and meetings are intended to foster continued

evaluation and communication between FleetCor and the FTC regarding FleetCor's

practices.

## XIV. COMPLIANCE PERIOD

IT IS FURTHER ORDERED that Defendants shall work to come into

compliance with this Order as soon as practical and shall have a maximum of 90 days

after entry of this Order to do so.

## XV. RETENTION OF JURISDICTION AND ENFORCEMENT

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter

for purposes of construction, modification, and enforcement of this Order. This Order

shall be enforceable after approval by the District Court.

## CONCLUSION

Consistent with the directives above, the FTC's Motion for Permanent

Injunction [Doc. 339] is **GRANTED**. Defendants' Motion for a second Oral

Argument [Doc. 346] is **DENIED**.  To ensure continued efficacy of this Order, any

party may move for modifications as needed based on material changes in

circumstances. However, the party requesting modifications must first meet and confer with opposing counsel before filing any motion.

   **IT IS SO ORDERED this 8th day of June, 2023.**

_____
**Honorable Amy Totenberg**
**United States District Judge**

22